**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **NICHOLAS SCHAFER,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **vs.** | § | **CIVIL ACTION NO. 3:25-cv-3566** |
| | § | |
| **CLOUDBEES, INC.** | § | |
| | § | |
| **Defendant.** | § | |

## APPENDIX TO DEFENDANT CLOUDBEES, INC.'S NOTICE OF REMOVAL

Defendant CloudBees, Inc. ("CloudBees") submits this Appendix to CloudBees' Notice of Removal (the "Appendix"). All documents contained in this Appendix are incorporated by reference into CloudBees' Notice of Removal.

| EXHIBIT | DESCRIPTION | PAGES |
|---|---|---|
| Exhibit 1 | 2025.11.07 Plaintiffs' Original Petition | APPX 001-020 |
| Exhibit 2 | 2025.11.07 Issue Citation | APPX 021-022 |
| Exhibit 3 | 2025.12.05 Executed Citation (Defendant served 2025.12.03) | APPX 023-025 |
| Exhibit 4 | Civil Court Docket Sheet | APPX 026 |

December 31, 2025

Respectfully submitted,

WELMAKER LAW, PLLC

/s/ *Douglas B. Welmaker*
**Douglas B. Welmaker**
State Bar No. 00788641
Welmaker Law, PLLC
505 Magrill St.
Longview, Texas 75601
Phone: (512) 799-2048
Email: doug@welmakerlaw.com

**ATTORNEY FOR DEFENDANT
CLOUDBEES INC.**

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing Appendix to Defendant CloudBees Inc.'s Notice of Removal has been electronically served on all counsel of record below via Notice of Electronic Filing on a known Filing User through the CM/ECF system on December 31, 2025, and by the method set forth below.

Bruce C. Kaye
Heritage One
4835 LBJ Expressway, Suite 470
Dallas, Texas 75201
Bruce@brucekaye.com

/s/ *Douglas B. Welmaker*
**DOUGLAS B. WELMAKER**

# EXHIBIT 1

FILED
11/7/2025 3:17 PM
FELICIA PITRE
DISTRICT CLERK
DALLAS CO., TEXAS
Stephanie Clark DEPUTY

DC-25-21153

CAUSE NO. _____

| | | |
|---|---|---|
| **NICHOLAS SCHAFER,** | § | **IN THE DISTRICT COURT** |
| **Plaintiff,** | § | 68th |
| **v.** | § | _____ **Judicial District** |
| | § | |
| **CLOUDBEES, INC.,** | § | |
| **Defendant.** | § | **DALLAS COUNTY, TEXAS** |

## PLAINTIFF'S ORIGINAL PETITION

COMES NOW, Plaintiff, **NICHOLAS SCHAFER**, who hereby files its Original Petition against CloudBees, Inc., and would show unto the Court as follows:

### A. DISCOVERY-CONTROL PLAN

1.     Plaintiff intends to conduct discovery under Level 2 of the Texas Rule of Civil Procedure and affirmatively pleads that this suit is not governed by the expedited-actions process in Texas Rule of Civil Procedure 169 because Plaintiff seeks monetary relief over $250,000.00.

### B.     RELIEF

2.     Plaintiff seeks monetary relief over $250,000.00 but not more than $1,000,000.00 (*Tex. R. Civ. P.* 47(c)(3).

Copy from re:SearchTX

## C.    PARTIES

3.      Plaintiff **NICHOLAS SCHAFER** (hereinafter "Nick" and/or "Plaintiff") is an individual residing in Dallas County, Texas

4.      Defendant **CLOUDBEES, INC.** (hereinafter "CloudBees" and/or "Defendant"), is upon information and/or belief a Deleware corporation operating within the State of Texas and specifically doing business within Dallas County.  Service of process may be achieved by serving its **registered agent: REGISTERED AGENTS INC., 5900 BALCONES DRIVE, SUITE 100, AUSTIN, TX 78731.**

## D.    JURISDICTION

5.      Plaintiff seeks monetary relief over $250,000.00 but not more than $1,000,000.00.

## E.    VENUE

6.      Venue is proper in Dallas County because all or substantial part of the events or omissions giving rise to Plaintiff's claims occurred in Dallas County, Texas.   *See* Tex. Civ. Prac. & Rem. Code § 15.002(a)(1).

Copy from re:SearchTX

## F.    FACTS

7.    On or about July, 2024, Plaintiff Nickolas Schafer was recruited by Defendant CloudBees to pursue potential employment as a Sales Representative/Account Executive.

8.    CloudBees provided Nick with an electronic Employee Handbook and Compensation Program.

9.    CloudBees standard offer for new sales hires is a 3-month, non-recoverable draw to smooth the transition and mimic commission compensation.

10.    CloudBees instead made a <u>non</u>-standard offer by taking the 3-month draw amount and spreading it over a 6-month period. At the time Nick accepted this non-standard offer, it wasn't clear how it would benefit him—but he went along with it because his hiring manager suggested it was in his best interests (she said she asked for a similar payment plan when she was hired).

11.    During the interview process, the non-recoverable draw was described as a guarantee.  At no point in the process did his hiring manager (or the recruiting team) explain that accepting the non-standard option <u>also meant</u> extending the "clawback period" where

Copy from re:SearchTX

the draw amount would be subtracted from Nick's earned commissions. Nick simply thought he was agreeing to the guarantee amount coupled with a management-suggested payment plan.

12.    While interviewing, the hiring manager told Nick his onboarding plan would involve working on a new 7-Eleven (Southland Corp.) deal with his peer mentor, and that they would split credit and commissions for it (if it closed successfully).

13.    No one involved in the hiring process said anything to Nick that he was making a risky choice by choosing a 6-month payment plan that would likely affect his onboarding deal commissions. In fact, Defendant used this slight of hand in its fraudulent inducement to get Nick to agree to terms that would in fact cause him to lose out on a great amount of commission on the 7-11 deal should he close the sale.

14.    If the hiring manager would have been working in good faith, she would have offered a standard non-recoverable draw coupled with the onboarding deal slated to close in December or January. In this scenario, Nick would have earned the typical draw amount and be well-positioned for a big, early win as a new hire.

Copy from re:SearchTX

Instead, the hiring manager chose to operate in bad faith, and the company stood by this deception and fraud.

15.     Nick accepted the terms of his employment Offer from CloudBees and signed and returned the sales commission agreement and/or employee handbook, and became an employee of Cloudbees.

16.     While employed with Cloudbees (August 2023 to February 7, 2024), Nick successfully closed three (3) deals that are the basis for his claims herein for which he earned compensation in accordance with  compensation agreement.

*FIRST DEAL:*        *Dell 1.0*

17.     Cloudbees allows users to renew their software licenses at a lower rate versus purchasing new software licenses.  The lower rate is referred to as a *downsell* whereas new business licenses are referred to as new business (hereinafter "*new business)*.

18.     The Dell Computer account (hereafter "Dell") (a previous purchaser of the CloudBees software) was due to renew their software in December of 2023.   They chose to renew lower quantities of

Copy from re:SearchTX

licensed software and closed the transaction in November 2023 via a downsell (at a reduced commission). This purchase is not at issue.

19.    On or about December 2024, Nick was successful in selling Dell additional new software licenses (not included in the downsell in November of 2023). The amount of the sale was $52,000.00. Nick was told by both his manager Ms. Arguelles <u>and</u> his team's assigned sales operations manager, Taylor Seus, that the Dell purchase would be considered *new business* because "once a renewal closes, it is done and not re-opened."

20.    Deals cannot show as *new business* in Salesforce (CloudBees Customer Relationship Management (CRM) software) without approval by both management and sales operations. As of March 2023, Nick's manager still classified this deal as *new business*.

*SECOND DEAL:    7-Eleven/Southland Corporation*

21.    When the 7-Eleven/Southland Corporation (hereinafter "7-Eleven) deal was created, the deal was slated for a December 2023 close (the deal ended up closing in January 2024).

22.    From the time Nick started at CloudBees in August 2023, he collaborated on a large deal with 7-Eleven in conjunction with his

Copy from re:SearchTX

onboarding mentor. The work involved in this deal included multiple weekly meetings and check-ins, working with the customer on NDA, security review, MSA negotiation with legal department, quoting options, etc.

23. The deal was originally slated to close in December 2023, but didn't close until the very last day of the CloudBees fiscal year (January 31, 2024). The day the deal closed, Nick and his onboarding mentor received public congratulations from their team.

24. As the 7-Eleven deal was coming to a close in January 2024, Nick's onboarding mentor Matt shared that he didn't think it was fair that the extended draw period would keep Nick from getting paid on the deal (see Paragraphs 10-12 herein).

25. This is when Nick learned he didn't just agree to a non-standard payment plan for his guarantee, but that non-standard option created by his hiring manager extended a clawback period that allowed for a draw carve. Matt suggested that Nick reach out to the compensation committee and ask for an exception.

26. In a bizarre turn of events, Nick was notified by his hiring manager, Graciela Arguelles, on or about February 6, 2024, that the

7-Eleven deal (which at this time was already completed and documented) was being taken away from him. Nick would receive no quota credit, no payment/commission even though the deal was worked on for months, closed successfully, money changed hands, and CloudBees made its profit.

THIRD DEAL:   Dell 2.0

27.    On or about February, 2024, Nick was once again successful in closing roughly $235,000.00 of new software licenses in a second sale to Dell. Nick was again told by both his manager Ms. Arguelles and his team's assigned sales operations manager, Taylor Seus, that this second Dell purchase would count as *new business.*

28.    Taylor confirmed this purchase as *new business* in a conversation with Nick and his Sales Engineer Chris Wroble at the CloudBees Sales Kick-off Meeting in Las Vegas in February of 2024. Once again, Salesforce showed this opportunity in the system as *new business* —which again, does not show that way without management and sales operations approval.

29.    Much to his shock and dismay, on or about February 7, 2024, after CloudBees had already accepted funds from Dell for both of the purchases of *new* business software licenses, Nick was told by his manager Ms. Arguelles that both new sales would only be paid at the downsell commission rate (even though CloudBees did not give Dell downsell pricing on the these two purchases of software licenses).

30.    After Nick raised his concern over the way the three sales were being taken back by CloudBees (and not paid per the compensation agreement), Nick who had to this point only received excellent reviews, received a letter in his file by Ms. Arguelles fabricating reasons to all of a sudden claim that Nick was not up to snuff and had to improve or be terminated.   Quite demonstratively, when CloudBees believed Nick had sold almost 115 percent of his yearly sales quota, he was congratulated by all.  It's only when Nick started to inquire about his compensation for said sales did he immediately receive this phony evaluation in an effort by ClouldBee to try and cover up it's acts and/or omissions.

Copy from re:SearchTX

31.    At this point, it became abundantly clear to Nick that (1) he was taken in by CloudBees fraudulent inducement and/or detrimental reliance to accept position with CloudBees, (2) CloudBees was not going to pay him the compensation per the compensation agreement, and (3) CloudBees was trying to get him to resign by creating such a hostile work environment that Nick would elect to quit.

32.    The hostile work environment by CloudBees (in an attempted to keep its ill begotten gains from Nick's labor and/or successful sales) were displayed by the following (but not limited to) events in an effort to get Nick to resign:

(i)    Gross managerial incompetence on multiple fronts (consistently confused about processes and compensation, conducted no performance reviews, purposely kept accounts (and pipeline) out of Nick's sales territory, claimed to have no idea how Nick was running his business after 7 months while simultaneously claiming poor performance, etc.);

(ii)    Use of threatening language by a superior directed at a subordinate;

(iii)    Theft/Conversion of sales deals in direct breach of contract;

(iv)    Ostracized at company meeting by both manager and onboarding mentor;

Copy from re:SearchTX

(v)     Fabricated poor performance with zero supporting documentation;

(vi)     Weaponized PIP letter with a laundry list of milestones to be achieved in a completely unachievable time frame; and;

(vii)     Expectation to present an inaccurate representation of Nick's performance at Quarterly Business Review ("QBR") (meeting of many people on a zoom call) by both CloudBees management and Human Resources. Nick had already achieved 4th quarter ("Q4") sales at 95 percent of his sales quota and with the 1st quarter 2024 Dell deal, he would have sold 117 percent of his sales quota. By thereafter, stripping him of his already closed sales, CloudBees planned to publicly humiliate Nick at the QBR by making him announce and/or agree that he had only achieved 20 percent in Q4 and nothing at all in Q1, 2024.

33.     Due to this hostile work environment, Nick was forced to take his first "mental health day" of his career (over 20 plus years), in order to avoid the March QBR public belittlement and/or shaming by CloudBees.

34.     Moreover, these purposeful acts and/or omissions by CloudBees also caused Nick to experience the first panic attack of his life, and he had to go to the ER for treatment.

35.     Nick also turned to the Better Help counseling included in the benefits package to help deal with the stress of this situation.

Copy from re:SearchTX

36.    Within 10 days of the planned deprecation planned for Nick at the CloudBees QBR, Nick was wrongfully terminated.

## G.    Causes of Action

### i.    Breach of Contract

36.    Plaintiff hereby repleads Paragraphs 1-35 as if in verbatim.

37.    The elements of a breach of contract claim are: 1) existence of a valid contract; 2) performance or tendered performance by the plaintiff; 3) material breach by the defendant; and 4) damages sustained by the plaintiff as a result of that breach.

38.    All conditions precedent have been performed by Nicholas Schafer and/or the below signed counsel.

39.    Due to Defendant's purposeful acts and/or omission, Nick was required to obtain legal counsel.   Plaintiff's offer to settle was tendered to Defendant well over 30 days ago.

40.    In accordance with Tex. Civ. Prac. & Rem. Code § 38.001, Plaintiff seeks the usual, customary and reasonable attorney fees expended to pursue Plaintiff's claims.  A systematic record of all time expended, the rate applied ($550.00 per hour), and work performed shall be tendered to the trial court Judge for consideration.

Copy from re:SearchTX

## ii.    Detrimental Reliance

41.    Plaintiff hereby repleads Paragraphs 1-35 as if in verbatim.

42.    A specific promise was made by CloudBees to Nick in order to persuade Nick to become an employee of CloudBees; Nick's actual reliance on the promise was justifiable and foreseeable; the reliance was detrimental; and If the promise is not enforced, injustice will result.

43.    Fundamental fairness requires the promise to be enforced.

44.    Due to the aforementioned acts and/or omission by CloudBees, Nick has suffered considerable monetary losses.

## iii.    Fraudulent Inducement

45.    Plaintiff hereby repleads Paragraphs 1-35 as if in verbatim.

46.    CloudBees made false statements (e.g. compensation agreement terms) regarding a fact that was significant or material to the transaction.  The false information was substantial enough that it influenced Nick 's decision to enter into the contract.

47.    CloudBees intended for the plaintiff to rely on the false statement when making the decision to enter into the contract.

48.    Nick actually relied on the false statement when deciding to enter into the contract.  Additionally, Nick's reliance is justifiable under the circumstances (a reasonable person would have likely acted in the same way based on the misinformation provided).

49.    Due to Nick relying on the statements, he suffered financial losses that arose directly from entering into the contract based on the fraudulent inducement.

### iv.    Conversion

50.    Plaintiff hereby repleads Paragraphs 1-35 as if in verbatim.

51.    A conversion of personal property occurs upon the unauthorized and wrongful assumption and exercise of dominion and control over the personal property of another to the exclusion of, or inconsistent with, the owner's rights.  *See Pipes v. Hemingway*, 358 S.W.3d 438, 449-50 (Tex. App.--Dallas 2012, no pet.).

52.    Nick (1)owned, had legal possession of, or was entitled to possession of the property; (2) CloudBees assumed and exercised dominion and control over the property in an unlawful and unauthorized manner, to the exclusion of and inconsistent with Nick's rights; (3) Nick made a demand for the property; (4) CloudBees

Copy from re:SearchTX

refused to return the property. *See Apple Imports, Inc. v. Koole*, 945 S.W.2d 895, 899 (Tex. App.--Austin 1997, writ denied); *see also Whitaker v. Bank of El Paso*, 850 S.W.2d 757, 760 (Tex. App.--El Paso 1993, no writ).

53.    Nick has suffered financial losses due to CloudBees conversion of his property.

**v.    Theft**

54.    Plaintiff hereby repleads Paragraphs 1-35 as if in verbatim.

55.    The Texas Theft Liability Act provides that a person who commits a theft is liable for damages resulting from the theft. Tex. Civ. Prac. & Rem. Code Ann. § 134.003(a).

56.    Theft under this statute refers to specific Texas Penal Code definitions. Tex. Civ. Prac. & Rem. Code Ann. §§ 134.002; *Tex. Penal Code Ann. §§.31.03-.07, 31.11-.14.*  Under the Texas Penal Code, a person commits the offense of theft if he "unlawfully appropriates property with intent to deprive the owner of property" without the owner's "effective consent." *Tex. Penal Code Ann. § 31.03(a)-(b)*. "Appropriate" is defined under the Penal Code as "to bring about a transfer or purported transfer of title to or other nonpossessory interest

Copy from re:SearchTX

in property, whether to the actor or another" or "to acquire or otherwise exercise control over property other than real property." *Id. §.31.01(4)*. "A person acts intentionally, or with intent, with respect to the nature of his conduct or to a result of his conduct when it is his conscious objective or desire to engage in the conduct or cause the result." *Tex. Penal Code Ann. §.6.03(a)* (Vernon 2011). An "owner" is "a person who . . . has title to the property, possession of the property, whether lawful or not, or a greater right to possession of the property than the actor[.]" *Byrd v. State, 336 S.W.3d 242, 251 (Tex. Crim. App. 2011)*(citing *Tex. Penal Code Ann. § 1.07(a)(35)(A)*.

## vi.    Wrongful Termination

57.    Plaintiff hereby repleads Paragraphs 1-35 as if in verbatim.

58.    Nick was fired for an illegal reason.

59.    Nick's employment agreement specifies the reasons for termination, CloudBees failed to follow those terms.

60.    Nick's firing was in violation of CloudBees' contract and must be  considered wrongful termination.

### vii.    Constructive Termination

61.    Plaintiff hereby repleads Paragraphs 1-35 as if in verbatim.

62.    CloudBees actions were intended to make Nick's work environment so intolerable that Nick, a reasonable person, would feel compelled to quit.

CloudBee's actions are the direct cause of the Nick's constructive resignation.  Said actions include, but are not limited to the following:

(i)    Demoting or reassigning Nick to a lower-paying or less prestigious position;
(ii)    Reduction in Nick's Salary or Pay;
(iii)    A significant reduction in Nick's salary or benefits;
(iv)    Reduction in Nick's job responsibilities by a decrease in the scope or significance of Nick's role; and
(v)    A pattern of harassment, badgering, or humiliation by CloudBees that was intended to encourage Nick to resign.

64.    CloudBee's acts and/or omission directly lead to Nick's damages and/or resignation.

## H.    CONDITIONS PRECEDENT

65.    All conditions precedent to Plaintiff's claims for relief have been performed or have occurred.  Counsel provided notice to Defendant, including but not limited to, Plaintiff's claim for attorneys fees.  Defendant had no intention of settlement.  Plaintiff thereafter

Copy from re:SearchTX

filed his claim and paid for fees via JAMS, per the contractual terms of his Employment Agreement with Defendant.  However, Defendant failed to make payment to JAMS after repeated requests, and finally, JAMS closed out the case for Defendant's failure to follow its protocol. Thus, having exhausted any administrative remedies prior to the filing of said suit, Nick Schafer now files his Original Petition in a court of jurisdiction in Dallas County, Texas.

## I.   DAMAGES

66.     As a direct and proximate result of Defendant's acts and/or omissions, Nick has sustained financial losses and incurred expenses.

67.     Nick has also suffered mental damages due to the direct and proximate result of Defendant's acts and/or omissions.

68.     Nick also had to hire the undersigned counsel of record at his usual, customary and reasonable rate of $750.00 hourly.

## J.   PRAYER

WHEREFORE, Plaintiff requests that Defendant appear and answer, and that this case be tried before a jury, after which the Court

Copy from re:SearchTX

declare CloudBees liable for damages including but not limited to, the following:

(1)    Actual damages;

(2)    Mental pain and suffering;

(3)    Costs of court;

(4)    prejudgment and post-judgment interest at the highest lawful rate;

(5)    Reasonable attorneys' fees, and

(6)    such other and further relief, at law or in equity, to which Plaintiff is justly entitled.

## K.    NOTICE THAT DOCUMENTS WILL BE USED

69.    Plaintiff, in accordance with Rule 193.7 of the Texas Rules of Civil Procedure, hereby gives notice to all parties that Plaintiff intends to use at trial, or at any pre-trial proceedings, all documents produced by Defendant and Plaintiff in response to discovery from any and all parties in this cause.

## L.    METHODS OF SERVICE

70.    Plaintiff's counsel has a designated electronic service email address for all electronically served documents and notices, filed and unfiled.  Pursuant to Texas Rules of Civil Procedure 21a(a)(1)

Copy from re:SearchTX

and 21(f)(2), Plaintiff's electronic service email address is **BRUCE@brucekaye.com. Service through any other email address will be considered invalid.**

Respectfully submitted,

BRUCE C. KAYE, PLLC


    /s/  Bruce C. Kaye

Bruce C. Kaye
State Bar No.:  00784374

Heritage One
4835 LBJ Expressway,
Suite 470
Dallas, Texas  75201
Phone:    214.722.7438
Fax:        866.649.8757
Cell:        214.566.0211
Email:    bruce@brucekaye.com
**ATTORNEY FOR PLAINTIFF**

Copy from re:SearchTX

# EXHIBIT 2

FORM NO. 353-3 - CITATION

# THE STATE OF TEXAS

# CITATION

**To:**   **CLOUDBEES INC**
**BY SERVING ITS REGISTERED AGENT, REGISTERED AGENTS INC.**
**5900 BALCONES DRIVE, SUITE 100**
**AUSTIN TX  78731**

**No.: DC-25-21153**

GREETINGS:
You have been sued.  You may employ an attorney.  If you or your attorney do not file a written answer with the clerk who issued this citation by 10 o'clock a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk.  Find out more at TexasLawHelp.org. Your answer should be addressed to the clerk of the **68th District Court** at 600 Commerce Street, Dallas, Texas 75202.

**NICHOLAS SCHAFER**
**vs.**
**CLOUDBEES INC**

**ISSUED**
**on this the 12th day of November, 2025**

  Said Plaintiff being **NICHOLAS SCHAFER**

Filed in said Court  **7th day of November, 2025** against

**CLOUDBEES, INC.**

For Suit, said suit being numbered **DC-25-21153,** the nature of which demand is as follows:
Suit on **EMPLOYMENT** etc. as shown on said petition, a copy of which accompanies
this citation.  If this citation is not served, it shall be returned unexecuted.

**FELICIA PITRE**
**Clerk District Courts,**
**Dallas County, Texas**

By: **MATTHEW LITTLE**, Deputy

WITNESS: FELICIA PITRE, Clerk of the District Courts of Dallas, County Texas.
 Given under my hand and the Seal of said Court at office  **on this the 12th day of November, 2025**

**Attorney for Plaintiff**
**BRUCE CAMERON KAYE**
HERITAGE ONE
4835 LBJ EXPRESSWAY SUITE 470
DALLAS TX  75201
214-722-7438
bruce@brucekaye.com

 ATTEST: FELICIA PITRE,
 Clerk of the District Courts of Dallas County, Texas

**DALLAS COUNTY**
**SERVICE FEES**
**NOT PAID**

      By _/S/MATTHEW LITTLE___, Deputy
       **MATTHEW LITTLE**



Copy from re:SearchTX

**OFFICER'S RETURN**

Cause No. DC-25-21153

Court No.: 68th District Court

Style: NICHOLAS SCHAFER
vs.
CLOUDBEES INC

Came to hand on the _____ day of _____, 20_____, at _____ o'clock _____.M.

Executed at _____, within the County of _____ at _____

o'clock _____ .M. on the _____ day of _____, 20_____, by delivering to the within named

_____

_____

each, in person, a true copy of this Citation together with the accompanying copy of this pleading, having first endorsed on same date of delivery. The distance actually traveled by me in serving such process was _____ miles and my fees are as follows:     To certify which witness my hand.

|  | | |
|---|---|---|
| For serving Citation | $_____ | _____ |
| For mileage | $_____ | of_____ County, _____ |
| For Notary | $_____ | By_____ Deputy |

(Must be verified if served outside the State of Texas.)

Signed and sworn to by the said_____ before me this_____ day of _____,

20_____, to certify which witness my hand and seal of office.

_____

Notary Public_____ County_____

Copy from re:SearchTX

# EXHIBIT 3

# THE STATE OF TEXAS

FILED
12/5/2025 11:42 AM
FELICIA PITRE
DISTRICT CLERK
DALLAS CO., TEXAS
Brittany Foreman DEPUTY

ESERVE

# CITATION

**To:**   **CLOUDBEES INC**
        **BY SERVING ITS REGISTERED AGENT, REGISTERED AGENTS INC.**
        **5900 BALCONES DRIVE, SUITE 100**
        **AUSTIN TX  78731**

**No.: DC-25-21153**

GREETINGS:
You have been sued.  You may employ an attorney.  If you or your attorney do not file a written answer with the clerk who issued this citation by 10 o'clock a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk.  Find out more at TexasLawHelp.org. Your answer should be addressed to the clerk of the **68th District Court** at 600 Commerce Street, Dallas, Texas 75202.

 Said Plaintiff being **NICHOLAS SCHAFER**

Filed in said Court  **7th day of November, 2025** against

 **CLOUDBEES, INC.**

For Suit, said suit being numbered **DC-25-21153,** the nature of which demand is as follows:
Suit on **EMPLOYMENT** etc. as shown on said petition, a copy of which accompanies this citation.  If this citation is not served, it shall be returned unexecuted.

WITNESS: FELICIA PITRE, Clerk of the District Courts of Dallas, County Texas.
 Given under my hand and the Seal of said Court at office  **on this the 12th day of November, 2025**

ATTEST: FELICIA PITRE,
Clerk of the District Courts of Dallas County, Texas



By  /S/MATTHEW LITTLE____ , Deputy
 **MATTHEW LITTLE**

**NICHOLAS SCHAFER**
**vs.**
**CLOUDBEES INC**

**ISSUED**
**on this the 12th day of November, 2025**

**FELICIA PITRE**
**Clerk District Courts,**
**Dallas County, Texas**

By: **MATTHEW LITTLE**, Deputy

**Attorney for Plaintiff**
**BRUCE CAMERON KAYE**
HERITAGE ONE
4835 LBJ EXPRESSWAY SUITE 470
DALLAS TX  75201
214-722-7438
bruce@brucekaye.com

**DALLAS COUNTY**
**SERVICE FEES**
**NOT PAID**

**OFFICER'S RETURN**

Cause No. DC-25-21153

Court No.: 68th District Court

Style: NICHOLAS SCHAFER
vs.
CLOUDBEES INC

Came to hand on the _24th_ day of _November_ , 20 _25_ , at _1:30_ o'clock _P_ .M.
Executed at _5900 BALCONES DRIVE, SUITE 100 AUSTIN TX 78731_ , within the County of _Travis_ at _11:16_
o'clock _A_ .M. on the _3rd_ day of _December_ , 20 _25_ , by delivering to the within named
_CLOUDBEES INC BY SERVING ITS REGISTERED AGENT, REGISTERED AGENTS INC_

each, in person, a true copy of this Citation together with the accompanying copy of this pleading, having first endorsed on same date of delivery. The distance actually traveled by me in serving such process was _____ miles and my fees are as follows:    To certify which witness my hand.

| | | |
|---|---|---|
| For serving Citation | $_____ | |
| For mileage | $_____ | of _Dallas_ County, _Texas_ |
| For Notary | $_____ | By_____ Deputy |

(Must be verified if served outside the State of Texas.)

Signed and sworn to by the said_____ before me this_____ day of _____ ,
20_____ , to certify which witness my hand and seal of office.

_____
Notary Public_____ County_____

APPX 024

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Envelope ID: 108768585
Filing Code Description: Return Of Service
Filing Description: EXECUTED CITATION - CLOUDBEES INC
Status as of 12/8/2025 3:37 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| BRUCE KAYE | | bruce@brucekaye.com | 12/5/2025 11:42:09 AM | SENT |

APPX 025

# EXHIBIT  4

12/31/25, 10:18 AM                    re:SearchTX - NICHOLAS SCHAFER vs. CLOUDBEES INC DC-25-21153

Case 3:25-cv-03566-X     Document 1-1     Filed 12/31/25     Page 32 of 32     PageID 36

https://research.txcourts.gov/CourtRecordsSearch/ViewCasePrint/64311ae93a3b464ca8cee73dc79a9d94

## Case Information

# NICHOLAS SCHAFER vs. CLOUDBEES INC

DC-25-21153

Location
Dallas County - District Court

Case Category
Civil - Other Civil

Case Type
Other Employment

Case Filed Date
11/7/2025

Judge
HOFFMAN, MARTIN

Case Status
Open (OPEN)

## Parties 2

| Type | Name | Nickname/Alias | Attorneys |
|------|------|----------------|-----------|
| Plaintiff | NICHOLAS SCHAFER | | Mr BRUCE CAMERON KAYE |
| Defendant | CLOUDBEES INC | | |

## Hearings 1

| Date/Time | Hearing Type | Judge | Location | Result |
|-----------|--------------|-------|----------|--------|
| 3/9/2026 08:58 AM | DISMISSAL FOR WANT OF PROSECUTION | HOFFMAN, MARTIN | | |

## Events 6

| Date | Event | Type | Comments | Documents |
|------|-------|------|----------|-----------|
| 11/7/2025 | Filing | NCF-C | | *No Documents*  |
| 11/7/2025 | Filing | ORP | | ORIGINAL PETITION.pdf |
| 11/7/2025 | Filing | CIT-IS-C | | ISSUE CITATION - CLOUDBEES INC.pdf |
| 11/12/2025 | Service | CITATION | - | - |
| 12/5/2025 | Filing | RET-SERV-C | EXECUTED CITATION - CLOUDBEES INC | |
| 3/9/2026 | Hearing | DISMISSAL FOR WANT OF PROSECUTION | - | - |

© 2025 Tyler Technologies, Inc. I All Rights Reserved
Version: 2025.9.2.1680

EMPOWERED BY
TYLER TECHNOLOGIES

APPX 026