IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| NICHOLAS SCHAFER, | § § § | |
| Plaintiff, | § § | |
| vs. | § § | CIVIL ACTION NO. 3:25-cv-3566-X |
| CLOUDBEES, INC. | § § § | |
| Defendant. | § | |

### DEFENDANT CLOUDBEES, INC.'S BRIEF IN SUPPORT OF ITS MOTION TO DISMISS UNDER FED. R. CIV. P. 12(b)(6)

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, Defendant CloudBees, Inc. ("CloudBees"), by and through its undersigned counsel, respectfully moves this Court to dismiss all claims in Plaintiff's Original Petition (the "Complaint") because Plaintiff fails to plead any claims with the requisite particularity and fails to state a claim upon which relief may be granted, as more fully set forth herein.

I.   INTRODUCTION

Plaintiff Nicholas Schafer ("Schafer") is a former employee of CloudBees. The terms and conditions of Schafer's employment with CloudBees are memorialized in a written offer letter dated July 25, 2023. Schafer signed the offer letter on July 26, 2023, and began working for CloudBees on or about August 7, 2023. As expressly set forth in the offer letter, Schafer was employed by CloudBees in the position of Account Executive, was paid an annual base salary of $145,000, and was eligible to earn commission compensation in accordance with the CloudBees Sales Incentive Compensation Policy. Schafer's employment with CloudBees was terminated in February 2024.

In his Complaint, Schafer alleges issues regarding his agreed-upon compensation structure, his commissions, and his termination. However, Schafer's Complaint fails to allege sufficient facts to support his claims that these issues constitute violations of the law or constitute breaches of the express terms of his executed offer letter or the CloudBees Sales Incentive Compensation Policy. As a result, Schafer's Complaint fails to state a claim upon which relief may be granted.

## II.   FACTUAL AND PROCEDURAL BACKGROUND

Schafer filed his Complaint in the District Court for Dallas County, Texas. Thereafter, CloudBees timely removed this action to this Court. Schafer's Complaint sets forth the following seven alleged claims or causes of action: (1) Breach of Contract; (2) Detrimental Reliance; (3) Fraudulent Inducement; (4) Conversion; (5) Theft; (6) Wrongful Termination; and (7) Constructive Termination. For the reasons set forth below, Schafer's Complaint fails to state a legally cognizable cause of action against CloudBees and should be dismissed in its entirety.

## III.   ARGUMENT

### A.   Legal Standard

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits a defendant to move to dismiss the complaint for failure to state a claim. A motion to dismiss for failure to state a claim tests only the formal sufficiency of the statement of a claim for relief and is "appropriate when a defendant attacks the complaint because it fails to state a legally cognizable claim." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001); accord *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (holding that in order "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face"); *Spano ex rel. C.S. v. Whole Foods, Inc.*, 65 F.4th 260, 262 (5th Cir. 2023). Such a motion is "not meant to resolve disputed facts or test the merits of a lawsuit" and "instead must show that, even in the

plaintiff's best-case scenario, the complaint does not state a plausible case for relief." *Sewell v. Monroe City Sch. Bd.*, 974 F.3d 577, 581 (5th Cir. 2020). In ruling on such a motion, the court is not required to "strain to find inferences favorable to the plaintiff[ ]" or "accept conclusory allegations, unwarranted deductions, or legal conclusions." *Southland Sec. Corp. v. INSpire Ins. Sols., Inc.*, 365 F.3d 353, 361 (5th Cir. 2004).

Generally, the court may not look beyond the four corners of the plaintiff's pleadings. *Indest v. Freeman Decorating, Inc.*, 164 F.3d 258, 261 (5th Cir. 1999). The court may, however, consider "documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010); *see Innova Hosp. San Antonio, Ltd. P'ship v. Blue Cross & Blue Shield of Ga., Inc.*, 892 F.3d 719, 726 (5th Cir. 2018) ("[A] court ruling on a 12(b)(6) motion may rely on the complaint, its proper attachments, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice."); *Gines v. D.R. Horton, Inc.*, 699 F.3d 812, 820 (5th Cir. 2012); *Funk v. Stryker Corp.*, 631 F.3d 777, 783 (5th Cir. 2011).

"The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Walker v. Beaumont Indep. Sch. Dist.*, 938 F.3d 724, 735 (5th Cir. 2019) (quoting *Iqbal*, 556 U.S. at 678). "Factual allegations that are merely consistent with a defendant's liability, stop short of the line between possibility and plausibility of entitlement to relief,' and thus are inadequate." *Walker*, 938 F.3d at 735. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Shaw v. Villanueva*, 918 F.3d 414, 415 (5th Cir. 2019) (quoting *Iqbal*, 556 U.S. at 678); accord *King v. Baylor University*, 46 F.4th 344, 356 ("[C]ourts 'do not accept as true

conclusory allegations, unwarranted factual inferences, or legal conclusions.'" (quoting *Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696 (5th Cir. 2005))). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679. The court "must limit itself to the contents of the pleadings, including attachments thereto[,]" which in this case include the executed offer letter and CloudBees Sales Incentive Compensation Policy. *King*, 46 F.4th at 356 (quoting *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000)).

**B.     Plaintiff's Complaint Fails to State a Claim for Breach of Contract**

A breach of contract claim under Texas law requires: "(1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages to the plaintiff resulting from that breach." *Woodhaven Partners, Ltd. v. Shamoun & Norman, L.L.P.*, 422 S.W.3d 821, 837 (Tex. App.—Dallas 2014, no pet.).

Although Schafer does not attach any contract as an exhibit to his Complaint, the two documents that Schafer refers to in his Complaint and that are central to his claim of breach are: (1) the CloudBees offer letter dated July 25, 2023 (the "Offer Letter"); and (2) the CloudBees FY24 Sales Incentive Compensation Policy.[1] Because these documents are central to the claim and referenced in Schafer's Complaint, the Offer Letter is attached hereto as **Exhibit 1** and the applicable CloudBees Sales Incentive Compensation Policy is attached hereto as **Exhibit 2**.

Despite Schafer's conclusory allegations of breach in the Complaint, Schafer has not

---

[1] *See e.g.*, Compl. ¶15 ("Nick accepted the terms of his employment Offer from CloudBees and signed and returned the sales commission agreement and/or employee handbook, and became an employee of Cloudbees."); and Compl. ¶16 ("While employed with Cloudbees (August 2023 to February 7, 2024), Nick successfully closed three (3) deals that are the basis for his claims herein for which he earned compensation in accordance with [sic] compensation agreement.").

4

alleged sufficient facts – or any facts – to establish that CloudBees breached the Offer Letter or the CloudBees Sales Incentive Compensation Policy. Indeed, Paragraphs 17-31 of the Complaint generally describe three transactions that Schafer alleges are at issue, but Schafer does not refer to or cite a single provision of either the Offer Letter or the CloudBees Sales Incentive Compensation Policy that has allegedly been breached with respect to such transactions. In fact, the Complaint does not include a single reference or citation to any specific provision of the Offer Letter or the CloudBees Sales Incentive Compensation Policy that Schafer alleges has been breached. As such, Schafer has failed to state a claim of breach of contract upon which relief may be granted.

      **C.**      **Plaintiff's Complaint Fails to State a Claim for Detrimental Reliance**

Detrimental reliance is not a distinct cause of action; it is an element of promissory estoppel. *Garcia v. Lucero*, 366 S.W.3d 275, 281-82 (Tex. 2012) (citing *Univ. of Tex. Sys. v. Courtney*, 946 S.W.2d 464, 468 (Tex.App.-Fort Worth 1997, writ denied) (holding that detrimental reliance is not a separate tort cause of action and suggesting that it is "equivalent to contractual promissory estoppel")). Therefore, Count II of Schafer's Complaint should be evaluated – if at all – as a claim of promissory estoppel and Schafer must show "the existence of a promise 'designedly made to influence the conduct of the promisee, tacitly encouraging the conduct, which conduct, although not necessarily constituting any actual performance of the contract itself, is something that must be done by the promisee before he could begin to perform, and was a fact known to the promisor.'" *Garcia,* 366 S.W.3d. at 282 (citing *Wheeler v. White*, 398 S.W.2d 93, 96 (Tex.1965)).

Schafer's Complaint does not include any factual allegations to establish the existence of any promise made by CloudBees other than the terms memorialized in the Offer Letter and the CloudBees Sales Incentive Compensation Policy. Instead, the Complaint includes four paragraphs (Paragraphs 41-44) of conclusory allegations unsupported by any factual allegations. Accordingly,

Schafer's Complaint fails to state a cognizable claim for promissory estoppel.

### D. Plaintiff's Complaint Fails to State a Claim for Fraudulent Inducement

Rule 9(b) of the Federal Rules of Civil Procedure imposes a heightened pleading standard for fraud claims: "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). Rule 9(b) is interpreted strictly, "requiring a plaintiff pleading fraud to specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent." *Hermman Holdings Ltd. v. Lucent Techs. Inc.*, 302 F.3d 552, 564-65 (5th Cir. 2002). Pleading fraud with particularity in the Fifth Circuit requires "time, place and contents of the false representations, as well as the identity of the person making the misrepresentation and what [that person] obtained thereby." *Tuchman v. DSC Comms. Corp.*, 14 F.3d 1061, 1068 (5th Cir. 1994). In other words, Rule 9(b) requires the complaint to set forth "the who, what, when, where, and how" of the events at issue. *ABC Arbitrage Plaintiffs Group v. Tchuruk*, 291 F.3d 336, 350 (5th Cir. 2002). This must be "laid out before access to the discovery process is granted." *Williams v. WMX Tech., Inc.*, 112 F.3d 175, 178 (5th Cir. 1997).

In this case, Schafer's Complaint does not state the fraud claim with the requisite particularity. As described in Paragraphs 9 through 15 of the Complaint, Schafer's claim for fraudulent inducement is based on the following allegations:

- CloudBees' "standard offer for a new sales hire is a 3-month, non-recoverable draw." Compl. ¶ 9.
- CloudBees "made a non-standard offer by taking the 3-month draw amount and spreading it over a 6-month period," which Schafer accepted. Compl. ¶ 10.
- Schafer accepted this allegedly "non-standard" offer "because his hiring manager suggested it was in his best interests (she said she asked for a similar payment plan when she was hired)." Compl. ¶ 10.
- "During the interview process, the non-recoverable draw was described as a guarantee. At no point in the process did his hiring manager (or the recruiting team) explain that accepting the non-standard option also meant extending the 'clawback

6

- period' where the draw amount would be subtracted from Nick's earned commissions." Compl. ¶ 11.
- Schafer's "hiring manager told Nick his onboarding plan would involve working on a new 7-Eleven (Southland Corp.) deal with his peer mentor, and that they would split credit and commissions for it (if it closed successfully)." Compl. ¶ 12.
- "No one involved in the hiring process said anything to Nick that he was making a risky choice by choosing a 6-month payment plan that would likely affect his onboarding deal commissions." Compl. ¶ 13.
- "Nick accepted the terms of his employment Offer from CloudBees and signed and returned the sales commission agreement and/or employee handbook, and became an employee of Cloudbees." Compl. ¶ 15.

These paragraphs do not allege the specific contents of any alleged false representations with any detail. Schafer's general allegations that the offer was "non-standard" and "risky" or otherwise contrary to the express terms of the Offer Letter or the CloudBees Sales Incentive Compensation Policy are wholly conclusory.

Alternatively, pursuant to Texas law, common law fraud may consist of an affirmative misrepresentation or, in certain circumstances, the concealment or non-disclosure of a material fact. To recover for fraud or fraudulent inducement through affirmative misrepresentation, the plaintiff must establish that: (1) the defendant made a material representation concerning an existing fact; (2) the representation was false when it was made; (3) the speaker knew the misrepresentation was false, or made it recklessly without knowledge of its truth and as a positive assertion; (4) the speaker made the misrepresentation with the intent that it should be acted upon; (5) the plaintiff acted with justifiable reliance on the misrepresentation; and (6) the plaintiff suffered injury as a result. *Wesdem, L.L.C. v. Ill. Tool Works, Inc.*, 70 F.4th 285, 291 (5th Cir. 2023); *Barrow-Shaver Res. Co. v. Carrizo Oil & Gas, Inc.*, 590 S.W.3d 471, 496 (Tex. 2019).

Fraudulent inducement "arises only in the context of a contract and requires the existence of a contract as part of its proof." *Haase v. Glazner*, 62 S.W.3d 795, 798 (Tex. 2001). Stated differently, "the elements of fraud must be established as they relate to an agreement between the

parties." *Haase*, 62 S.W.3d at 798-99.

Fraud by nondisclosure requires that the plaintiff prove that: (1) the defendant deliberately failed to disclose material facts to the plaintiff that the defendant had a duty to disclose, (2) the defendant knew the plaintiff was ignorant of the facts and that the plaintiff did not have an equal opportunity to discover them, (3) by failing to disclose the facts, the defendant intended to induce the plaintiff to take some action or refrain from acting, and (4) the plaintiff relied on the nondisclosure and suffered injury as a result of that reliance. *Jang Won Cho v. Kun Sik Kim*, 572 S.W.3d 783, 801 (Tex. App.—Houston [14th Dist.] 2019, no pet).

Nowhere in the Complaint does Schafer allege that CloudBees made any representations to Schafer that are contrary to the terms of his Offer Letter or the CloudBees Sales Incentive Compensation Policy, much less any material misrepresentations. To the extent that Schafer believes that CloudBees committed fraud by nondisclosure, his Complaint fails to include any allegations that CloudBees failed to disclose material facts it had a duty to disclose.

For all of these reasons, Schafer's Complaint fails to state a claim for fraudulent inducement upon which relief may be granted.

      **E.**      **Plaintiff's Complaint Fails to State a Claim for Conversion or Theft**.

Schafer's Complaint generally alleges that the terms and conditions of his commission compensation agreement with CloudBees are memorialized in his Offer Letter and CloudBees Sales Incentive Compensation Policy. Compl. ¶ 15. Schafer also generally alleges that he was not paid commission compensation that he claims that he earned. Compl. ¶ 31. However, nowhere in his Complaint does Schafer cite or refer to any specific provision of his Offer Letter or CloudBees Sales Incentive Compensation Policy that Schafer alleges was breached by CloudBees when calculating and paying Schafer's commission compensation. Therefore, Schafer's Complaint does

8

not allege – and cannot allege – that CloudBees exercised unlawful dominion and control over his property in violation of his rights or that CloudBees unlawfully appropriated his property in violation of Texas law. Absent specific factual allegations establishing that his property rights were violated, Schafer's claims for conversion and theft fail to state claims upon which relief may be granted.

### F. Plaintiff's Complaint Fails to State a Claim for Wrongful Termination or Constructive Termination

Under Texas law, employment is generally "at will," or terminable at any time by either party, with or without cause. *Fed. Express Corp. v. Dutschmann*, 846 S.W.2d 282, 283 (Tex. 1993). In the Offer Letter, CloudBees expressly offered and Schafer accepted at-will employment. Exhibit 1 ("This is an offer of at-will employment with the Company, which means that you and the Company reserve the right to terminate the employment relationship at any time, with or without 'cause,' and with or without notice."). Notwithstanding, there may be a cause of action under Texas law when an employee alleges he was terminated for refusing to perform an illegal act. *Sabine Pilot Serv., Inc. v. Hauck*, 687 S.W.2d 733, 734–35 (Tex. 1985). Of course, Schafer does not allege any such claims in this Complaint. Therefore, Schafer's claims that he was wrongfully terminated and constructively terminated fail to state claims upon which relief may be granted.[2]

## IV. CONCLUSION

WHEREFORE, for the reasons set forth above, CloudBees respectfully requests that this

---

[2] Constructive termination is not a cause of action. Instead, a constructive termination *may* constitute an adverse employment action in connection with a claim under applicable employment discrimination statutes (for example, under the Texas Commission on Human Rights Act or Title VII of the Civil Rights Act). Here, however, Schafer's Complaint does not allege any claim of employment discrimination under any applicable employment discrimination statute and any independent claim that he was constructively terminated fails to state a legally cognizable claim upon which relief may be granted.

Motion to Dismiss be granted and that Plaintiff's Complaint be dismissed with prejudice and that the Court award such other and further relief as may be just and proper.

January 6, 2026                                             Respectfully submitted,

                                                            WELMAKER LAW, PLLC

                                                            /s/ Douglas B. Welmaker
                                                            **Douglas B. Welmaker**
                                                            State Bar No. 00788641
                                                            Welmaker Law, PLLC
                                                            505 Magrill St.
                                                            Longview, Texas 75601
                                                            Phone: (512) 799-2048
                                                            Email: doug@welmakerlaw.com

                                                            ATTORNEY FOR DEFENDANT
                                                            CLOUDBEES INC.

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing Brief in Support of Defendant's Motion to Dismiss has been electronically served on all counsel of record below via Notice of Electronic Filing on a known Filing User through the CM/ECF system on January 6, 2026, and as set forth below:

Via email: Bruce@brucekaye.com

Bruce C. Kaye
Heritage One
4835 LBJ Expressway, Suite 470
Dallas, Texas 75201

                                                            /s/ Douglas B. Welmaker
                                                            **DOUGLAS B. WELMAKER**