IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| NICHOLAS SCHAFER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. 3:25-cv-3566-X |
| | § | |
| CLOUDBEES, INC. | § | |
| | § | |
| Defendant. | § | |

**DEFENDANT CLOUDBEES, INC.'S BRIEF IN SUPPORT
OF ITS RENEWED MOTION TO DISMISS UNDER FED. R. CIV. P. 12(b)(6)**

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, Defendant CloudBees, Inc. ("CloudBees"), by and through its undersigned counsel, respectfully moves this Court to dismiss all claims in Plaintiff's First Amended Complaint (the "Amended Complaint") because Plaintiff fails to plead any claims with the requisite particularity and fails to state a claim upon which relief may be granted, as more fully set forth herein.

I.   INTRODUCTION

Plaintiff Nicholas Schafer ("Schafer") is a former employee of CloudBees. The terms and conditions of Schafer's employment with CloudBees are memorialized in a written offer letter dated July 25, 2023. Schafer signed the offer letter on July 26, 2023, and began working for CloudBees on or about August 7, 2023. As expressly set forth in the offer letter, Schafer was employed by CloudBees in the position of Account Executive, was paid an annual base salary of $145,000, was eligible to earn commission compensation in accordance with the CloudBees Sales Incentive Compensation Policy, and was paid a "Non-Recoverable Draw" against commissions for the first six months of his employment. Schafer's employment with CloudBees was terminated

in February 2024.

In his Amended Complaint, Schafer alleges various vague and conclusory objections to how he was paid commission compensation during his employment and how his draw was applied in relation to commission compensation during his employment. As set forth herein, Schafer's Amended Complaint fails to allege sufficient facts to support his claims that his objections constitute violations of the law or constitute breaches of the express terms of his executed offer letter or the CloudBees Sales Incentive Compensation Policy. As a result, Schafer's Amended Complaint fails to state a claim upon which relief may be granted.

## II. FACTUAL AND PROCEDURAL BACKGROUND

Schafer filed his Original Petition (the "Complaint") in the District Court for Dallas County, Texas. Thereafter, CloudBees timely removed this action to this Court. On January 6, 2026, CloudBees filed its Motion to Dismiss Schafer's Complaint. On January 27, 2026, Schafer filed his Response to Defendant CloudBees, Inc.'s Motion to Dismiss under Fed. R. Civ. P. 12(b)(6) and, in the Alternative Request to Amend. ECF No. 9. On January 28, 2026, this Court entered an Electronic Order denying CloudBees' Motion to Dismiss as moot and holding that Schafer's Amended Complaint is the operative complaint. ECF No. 10. For the reasons set forth below, Schafer's Amended Complaint fails to state a legally cognizable cause of action against CloudBees and should be dismissed in its entirety.

## III. ARGUMENT

### A. Legal Standard

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits a defendant to move to dismiss the complaint for failure to state a claim. A motion to dismiss for failure to state a claim tests only the formal sufficiency of the statement of a claim for relief and is "appropriate when a

defendant attacks the complaint because it fails to state a legally cognizable claim." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001); accord *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (holding that in order "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face"); *Spano ex rel. C.S. v. Whole Foods, Inc.*, 65 F.4th 260, 262 (5th Cir. 2023). Such a motion is "not meant to resolve disputed facts or test the merits of a lawsuit" and "instead must show that, even in the plaintiff's best-case scenario, the complaint does not state a plausible case for relief." *Sewell v. Monroe City Sch. Bd.*, 974 F.3d 577, 581 (5th Cir. 2020). In ruling on such a motion, the court is not required to "strain to find inferences favorable to the plaintiff[ ]" or "accept conclusory allegations, unwarranted deductions, or legal conclusions." *Southland Sec. Corp. v. INSpire Ins. Sols., Inc.*, 365 F.3d 353, 361 (5th Cir. 2004).

Generally, the court may not look beyond the four corners of the plaintiff's pleadings. *Indest v. Freeman Decorating, Inc.*, 164 F.3d 258, 261 (5th Cir. 1999). The court may, however, consider "documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010); see *Innova Hosp. San Antonio, Ltd. P'ship v. Blue Cross & Blue Shield of Ga., Inc.*, 892 F.3d 719, 726 (5th Cir. 2018) ("[A] court ruling on a 12(b)(6) motion may rely on the complaint, its proper attachments, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice."); *Gines v. D.R. Horton, Inc.*, 699 F.3d 812, 820 (5th Cir. 2012); *Funk v. Stryker Corp.*, 631 F.3d 777, 783 (5th Cir. 2011).

"The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Walker v. Beaumont Indep. Sch.*

*Dist.*, 938 F.3d 724, 735 (5th Cir. 2019) (quoting *Iqbal*, 556 U.S. at 678). "Factual allegations that are merely consistent with a defendant's liability, stop short of the line between possibility and plausibility of entitlement to relief,' and thus are inadequate." *Walker*, 938 F.3d at 735. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Shaw v. Villanueva*, 918 F.3d 414, 415 (5th Cir. 2019) (quoting *Iqbal*, 556 U.S. at 678); accord *King v. Baylor University*, 46 F.4th 344, 356 ("[C]ourts 'do not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions.'" (quoting *Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696 (5th Cir. 2005))). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679. The court "must limit itself to the contents of the pleadings, including attachments thereto[,]" which in this case include the executed offer letter and CloudBees Sales Incentive Compensation Policy. *King*, 46 F.4th at 356 (quoting *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000)).

**B.     Plaintiff's Amended Complaint Fails to State a Claim for Breach of Contract**

A breach of contract claim under Texas law requires: "(1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages to the plaintiff resulting from that breach." *Woodhaven Partners, Ltd. v. Shamoun & Norman, L.L.P.*, 422 S.W.3d 821, 837 (Tex. App.—Dallas 2014, no pet.).

Although Schafer does not attach any contract as an exhibit to his Amended Complaint, the two documents that Schafer refers to in his Complaint and that are central to his claim of breach are: (1) the CloudBees offer letter dated July 25, 2023 (the "Offer Letter"); and (2) the CloudBees

4

FY24 Sales Incentive Compensation Policy.[1]  Because these documents are central to the claim and referenced in Schafer's Amended Complaint, the Offer Letter is attached hereto as **Exhibit 1** and the applicable CloudBees Sales Incentive Compensation Policy is attached hereto as **Exhibit 2**.

In his Response to Defendant CloudBees, Inc.'s Motion to Dismiss under Fed. R. Civ. P. 12(b)(6), Schafer avers that "At the pleading stage, Schafer is not required to identify or quote specific contractual provisions to survive dismissal." ECF No. 9.  This is incorrect, contrary to established, law, and highlights a fatal flaw in Schafer's Amended Complaint.

Indeed, "[a] breach of contract ... only occurs when a party fails or refuses to perform an act that it expressly promised to do." *Gonzales v. Columbia Hospital at Medical City Dallas Subsidiary, L.P.*, 207 F. Supp. 2d 570, 575 (N.D. Tex. 2002) (citing *Methodist Hospitals of Dallas v. Corporate Communicators, Inc.*, 806 S.W.2d 879, 882 (Tex. App.—Dallas 1991, writ denied)). Therefore, to properly plead a breach of contract by a defendant, "a plaintiff must identify a specific provision of the contract that was allegedly breached." *Innova Hospital San Antonio, L.P. v. Blue Cross and Blue Shield of Georgia, Inc.*, 995 F. Supp. 2d 587, 602 (N.D. Tex. 2014). *See also, e.g.*, *Watson v. Citimortgage, Inc.*, 814 F. Supp. 2d 726, 732 (E.D. Tex. 2011); *Motten v. Chase Home Finance*, 831 F. Supp. 2d 988, 1003–04 (S.D. Tex. 2011); *Encompass Office Solutions, Inc. v. Ingenix, Inc.*, 775 F. Supp. 2d 938, 953–54 (E.D. Tex. 2011); *American Realty Trust, Inc. v. Travelers Casualty & Surety Company of America*, 362 F. Supp. 2d 744, 753 (N.D.

---

[1] *See e.g.*, Amended Complaint ¶ 39, ECF No. 8 ("Plaintiff Schafer and Defendant CloudBees entered into valid and enforceable written agreements governing Schafer's compensation, including (i) CloudBees' July 25, 2023 Offer Letter and (ii) the CloudBees FY24 Sales Incentive Compensation Policy and related Compensation Plan (collectively, the 'Agreements')"); and Amended Complaint ¶ 40 ("The Agreements set forth the terms under which Schafer was entitled to receive base salary, non-recoverable draw payments, and incentive compensation, including commission earned on qualifying sales transactions.").

Tex. 2005). If the court is unable to identify one or more specific contractual provisions at issue, then the "[p]laintiffs fail [ ] to allege enough facts about the terms of [a contract] to raise their right to relief above the speculative level." *Innova Hospital*, 995 F. Supp. 2d at 603 (citing *Twombly*, 550 U.S. at 555).

In this case, Schafer has not alleged any specific contractual provision – in either the Offer Letter or the CloudBees Sales Incentive Compensation Policy – that has allegedly been breached. Instead, the Amended Complaint alleges only generally that "[t]he Agreements set forth the terms under which Schafer was entitled to receive base salary, non-recoverable draw payments, and incentive compensation, including commissions earned on qualifying sales transactions." Am. Compl. ¶ 40, ECF No. 8. Indeed, Paragraphs 39-44 of the Amended Complaint refer to certain transactions that Schafer alleges are at issue and aver that CloudBees "failed and refused to pay Schafer commissions and other incentive compensation that were earned and owed under the Agreements," but Schafer does not refer or cite to a single provision of either the Offer Letter or the CloudBees Sales Incentive Compensation Policy that has allegedly been breached with respect to such transactions. Similarly, Paragraphs 45 and 46 of the Amended Complaint allege that Schafer was entitled to receive a non-recoverable draw and that CloudBees "improperly offset, withheld, or otherwise deprived Schafer of the full benefit of the non-recoverable draw promised in the Offer Letter," but Schafer does not identify any specific provision in the Offer Letter that was violated or what action CloudBees allegedly took in violation of such provision.

Finally, Schafer alleges in Paragraphs 47-50 of the Amended Complaint that CloudBees breached its obligation to pay all "earned incentive compensation owed to Schafer as of his termination date," but does not cite to any contract provision regarding earning incentive compensation or allege any facts about how CloudBees breached this alleged obligation. Schafer's

allegations and general conclusions are not sufficient to state a claim for relief. See *Whiddon v. Chase Home Fin., LLC*, 666 F.Supp.2d 681, 692 (E.D.Tex.2009) ("[C]onclusory statement that 'the actions and/or omissions of Defendants described herein above constitute a breach of contract' does not suffice to meet the pleading requirements of Rule 8(a)."). As such, Schafer has failed to state a claim of breach of contract upon which relief may be granted.

      **C.**      **Plaintiff's Complaint Fails to State a Claim for Promissory Estoppel**

Schafer's claim for promissory estoppel is similarly conclusory and devoid of well-pleaded factual allegations. Schafer's Amended Complaint does not include any factual allegations to establish the existence of any promise made by CloudBees other than the terms memorialized in the Offer Letter and the CloudBees Sales Incentive Compensation Policy. Am. Compl. ¶ 55, ECF No. 8 ("During the recruiting process and after Schafer began his employment, CloudBees, through its hiring manager and other management and sales-operations personnel, made specific promises and representations to Schafer **concerning his compensation and the manner in which his sales efforts and closed deals would be credited and paid**.") (emphasis added).

To establish a cause of action for promissory estoppel, a plaintiff must show: (1) a promise; (2) foreseeability by the promisor that the promisee would rely on the promise; (3) substantial reliance by the promisee to his detriment; and (4) a definite finding that injustice can be avoided only by enforcement of the promise. *Zenor v. El Paso Healthcare Sys., Ltd.*, 176 F.3d 847, 864 (5th Cir.1999); *G.D. Holdings, Inc. v. H.D.H. Land & Timber, L.P.*, 407 S.W.3d 856, 861 (Tex.App.-Tyler 2013, no pet.).

In Paragraphs 57 through 62 of the Amended Complaint, Schafer recites these elements without providing sufficient factual allegations to support for any of them, which is insufficient as a matter of law. *See Innova Hospital*, 995 F. Supp. 2d at 606-607 (dismissal appropriate as

"Plaintiffs' conclusory allegations merely recite the elements of a promissory estoppel cause of action and do not allege sufficient facts regarding the remaining elements to raise their right to relief above the speculative level."). Therefore, the Amended Complaint fails to state a claim upon which relief may be granted for promissory estoppel.

### D.   Plaintiff's Complaint Fails to State a Claim for Fraudulent Inducement

Rule 9(b) of the Federal Rules of Civil Procedure imposes a heightened pleading standard for fraud claims: "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). Rule 9(b) is interpreted strictly, "requiring a plaintiff pleading fraud to specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent." *Hermman Holdings Ltd. v. Lucent Techs. Inc.*, 302 F.3d 552, 564-65 (5th Cir. 2002). Pleading fraud with particularity in the Fifth Circuit requires "time, place and contents of the false representations, as well as the identity of the person making the misrepresentation and what [that person] obtained thereby." *Tuchman v. DSC Comms. Corp.*, 14 F.3d 1061, 1068 (5th Cir. 1994). In other words, Rule 9(b) requires the complaint to set forth "the who, what, when, where, and how" of the events at issue. *ABC Arbitrage Plaintiffs Group v. Tchuruk*, 291 F.3d 336, 350 (5th Cir. 2002). This must be "laid out before access to the discovery process is granted." *Williams v. WMX Tech., Inc.*, 112 F.3d 175, 178 (5th Cir. 1997).

In this case, Schafer's Amended Complaint does not state the fraud claim with the requisite particularity. Schafer's claim for fraudulent inducement is based on the following allegations:

- CloudBees' "standard offer for a new sales hire is a 3-month, non-recoverable draw." Am. Compl. ¶ 10.
- CloudBees "made a non-standard offer by taking the 3-month draw amount and spreading it over a 6-month period," which Schafer accepted. Am. Compl. ¶ 11.
- Schafer accepted this allegedly "non-standard" offer "because his hiring manager represented that it was in his best interests and stated that she had requested a

- similar payment plan when she was hired." Am. Compl. ¶ 11.
- "During the interview process, the non-recoverable draw was described to Schafer as a guarantee. However, CloudBees did not disclose that accepting the six-month draw structure would extend the clawback period, such that draw payments would be deducted from Schafer's earned commissions." Am. Compl. ¶ 12.
- Schafer's hiring manager told him that "his onboarding plan would involve working on a new 7-11 (Southland Corp.) deal with his peer mentor, and that he would share credit and commissions for that deal if it closed." Am. Compl. ¶ 13.
- "No one involved in the hiring process advised Schafer that selecting the six-month draw structure created a risk that he would be unable to earn commissions on anticipated onboarding deals, including the 7-11 transaction. Schafer was not informed that the extended clawback period associated with the non-standard draw could materially reduce or eliminate his commissions on such deals. Am. Compl. ¶ 14.
- Had CloudBees disclosed how the six-month draw structure and extended clawback period would operate in practice, Schafer alleges that a standard non-recoverable draw structure could have been offered in connection with the onboarding deal anticipated to close in December or January. Under that draw structure, Schafer would have been positioned to earn commissions on early onboarding deals as a new hire. Instead, CloudBees proceeded with the non-standard draw structure without disclosing the associated clawback consequences. These representations and omissions were material to Schafer's decision to accept CloudBees' offer of employment and the non-standard six-month draw structure." Am. Compl. ¶ 15.
- "Schafer accepted the terms of his employment Offer from CloudBees and signed and returned the sales commission agreement and/or employee handbook, and became an employee of Cloudbees." Am. Compl. ¶ 16.

These paragraphs do not allege the specific contents of any alleged false representations with any detail. Schafer's general allegations that the offer was "non-standard" or that his draw structure altered his ability to earn commissions or was otherwise contrary to the express terms of the Offer Letter or the CloudBees Sales Incentive Compensation Policy are wholly conclusory.

Alternatively, pursuant to Texas law, common law fraud may consist of an affirmative misrepresentation or, in certain circumstances, the concealment or non-disclosure of a material fact. To recover for fraud or fraudulent inducement through affirmative misrepresentation, the plaintiff must establish that: (1) the defendant made a material representation concerning an existing fact; (2) the representation was false when it was made; (3) the speaker knew the misrepresentation was false, or made it recklessly without knowledge of its truth and as a positive

9

assertion; (4) the speaker made the misrepresentation with the intent that it should be acted upon; (5) the plaintiff acted with justifiable reliance on the misrepresentation; and (6) the plaintiff suffered injury as a result. *Wesdem, L.L.C. v. Ill. Tool Works, Inc.*, 70 F.4th 285, 291 (5th Cir. 2023); *Barrow-Shaver Res. Co. v. Carrizo Oil & Gas, Inc.*, 590 S.W.3d 471, 496 (Tex. 2019).

Fraudulent inducement "arises only in the context of a contract and requires the existence of a contract as part of its proof." *Haase v. Glazner*, 62 S.W.3d 795, 798 (Tex. 2001). Stated differently, "the elements of fraud must be established as they relate to an agreement between the parties." *Haase*, 62 S.W.3d at 798-99. Fraud by nondisclosure requires that the plaintiff prove that: (1) the defendant deliberately failed to disclose material facts to the plaintiff that the defendant had a duty to disclose, (2) the defendant knew the plaintiff was ignorant of the facts and that the plaintiff did not have an equal opportunity to discover them, (3) by failing to disclose the facts, the defendant intended to induce the plaintiff to take some action or refrain from acting, and (4) the plaintiff relied on the nondisclosure and suffered injury as a result of that reliance. *Jang Won Cho v. Kun Sik Kim*, 572 S.W.3d 783, 801 (Tex. App.—Houston [14th Dist.] 2019, no pet.).

Nowhere in the Amended Complaint does Schafer allege that CloudBees made any representations to Schafer that are contrary to the terms of his Offer Letter or the CloudBees Sales Incentive Compensation Policy, much less any material misrepresentations. To the extent that Schafer believes that CloudBees committed fraud by nondisclosure, his Complaint fails to include any allegations that CloudBees failed to disclose material facts it had a duty to disclose.

For all of these reasons, Schafer's Amended Complaint fails to state a claim for fraudulent inducement upon which relief may be granted.

IV.   **CONCLUSION**

WHEREFORE, for the reasons set forth above, CloudBees respectfully requests that this

Renewed Motion to Dismiss be granted and that Plaintiff's Amended Complaint be dismissed with prejudice and that the Court award such other and further relief as may be just and proper.

February 10, 2026

Respectfully submitted,

WELMAKER LAW, PLLC

/s/ Douglas B. Welmaker
**Douglas B. Welmaker**
State Bar No. 00788641
Welmaker Law, PLLC
505 Magrill St.
Longview, Texas 75601
Phone: (512) 799-2048
Email: doug@welmakerlaw.com

ATTORNEY FOR DEFENDANT
CLOUDBEES INC.

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing Brief in Support of Motion to Dismiss has been electronically served on all counsel of record below via Notice of Electronic Filing on a known Filing User through the CM/ECF system on February 10, 2026, and as set forth below.

Bruce C. Kaye
Heritage One
4835 LBJ Expressway, Suite 470
Dallas, Texas 75201
Bruce@brucekaye.com

/s/ *Douglas B. Welmaker*
**DOUGLAS B. WELMAKER**