IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

NICHOLAS SCHAFER,

    Plaintiff,                             CIVIL ACTION NO. 3:25-CV-3566-X

v.

CLOUDBEES, INC.

    Defendant.

_____/

**PLAINTIFF'S RESPONSE TO DEFENDANT CLOUDBEES, INC.'S RENEWED MOTION TO DISMISS UNDER FED. R. CIV. P. 12(b)(6) AND, IN THE ALTERNATIVE, REQUEST TO AMEND**

Plaintiff, Nicholas Schafer ("Schafer"), submits this Response to Defendant CloudBees, Inc.'s ("CloudBees") Renewed Motion to Dismiss Under Fed. R. Civ. P. 12(b)(6) and, in the Alternative Request to Amend, and respectfully states:

**PRELIMINARY STATEMENT AND BACKGROUND**

This case arises from an employment relationship between Schafer and CloudBees. In July 2023, CloudBees extended Schafer a written offer of employment as an Account Executive, which he accepted. Schafer's compensation was governed by a written offer letter and CloudBees' FY24 Sales Incentive Compensation Policy (collectively, the "Agreements"), which addressed his base salary, non-recoverable draw, and eligibility for commission and other incentive compensation. Schafer's employment ended in February 2024. The dispute concerns the application of that compensation structure and representations made during recruitment, which are fact-intensive issues not suitable for resolution on a Rule 12(b)(6) motion.

Schafer timely filed his First Amended Complaint and asserts breach of contract, promissory estoppel, and fraudulent inducement. (ECF No. 8). The Amended Complaint

identifies the governing Agreements and sets forth detailed factual allegations concerning the compensation structure offered to Schafer, his performance and the specific transactions at issue, the representations made during recruiting and onboarding, and the manner in which CloudBees reclassified, withheld, or offset earned compensation, including the particularized misrepresentations and omissions supporting his fraudulent inducement claim.

At this stage, the Court must accept well-pleaded factual allegations as true and draw reasonable inferences in Plaintiff's favor. Accordingly, Defendant's Renewed Motion to Dismiss pursuant to Rule 12(b)(6) ("Renewed Motion") should be denied. (ECF Nos. 11-12)

## ARGUMENT

### I.     Legal Standard

To survive a motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6), a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). To meet this "facial plausibility" standard, a plaintiff must "plead[ ] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). The court must accept well-pleaded facts as true and view them in the light most favorable to the plaintiff. *Sonnier v. State Farm Mut. Auto. Ins.*, 509 F.3d 673, 675 (5th Cir. 2007). A Rule 12(b)(6) motion tests the legal sufficiency of the pleadings, not the strength of the plaintiff's case. *See Mann v. Adams Realty Co.*, 556 F.2d 288, 293 (5th Cir. 1977).

When alleging fraud in federal court, a heightened pleading standard is imposed in which "a party must state with particularity the circumstances constituting fraud or

mistake." FED R. CIV. P. 9(b). A plaintiff asserting a fraud claim must "specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent." *Williams v. WMX Techs., Inc.*, 112 F.3d 175, 177 (5th Cir. 1997).

## II.     Plaintiff States a Claim for Breach of Contract (Count I)

Defendant again argues that Count I fails because Schafer allegedly failed to identify or quote specific provisions of the Offer Letter or the FY24 Sales Incentive Compensation Policy that were breached. *See* Def.'s Br. at 4–6 (ECF No. 12). That argument misstates both the pleading standard and the allegations of the Amended Complaint.

Under Texas law, the elements for a breach of contract claim are: (1) existence of a valid contract (2) performance or tendered performance by the plaintiff, (3) breach of the contract by the defendant, and (4) damages to the plaintiff resulting from the breach. *Kay v. North Texas Rod & Custom*, 109 S.W.3d 924, 927 (Tex. App.—Dallas 2003, no pet.).

Schafer plausibly alleges each element. First, the existence of valid written agreements governing Schafer's compensation is expressly alleged and not disputed. *See* Def.'s Br. at 4–6 (ECF No. 12); Am. Compl., ¶¶ 39-40 (ECF No. 8). Second, Schafer alleges that he performed under the Agreements by accepting employment, performing his duties as an Account Executive, and successfully closing multiple qualifying sales transactions that satisfied the contractual criteria for earning incentive compensation. Am. Compl., ¶¶ 16-31 and 41 (ECF No. 8). Third, the Amended Complaint identifies the specific contractual obligations allegedly breached. *Id.* at ¶¶ 42-49. It alleges that the Agreements required CloudBees to pay earned and unpaid incentive compensation, including upon

termination of employment. *Id.* It further alleges that the Offer Letter provided for a non-recoverable draw that was not subject to clawback or offset in the manner applied. *Id.* The Amended Complaint then alleges that, notwithstanding Schafer's satisfaction of the booking and performance criteria, CloudBees failed and refused to pay commissions and other incentive compensation that were earned and owed under the Agreements. *Id.*

These allegations do not merely recite elements. They describe the compensation structure, the transactions at issue (including the Dell and 7-Eleven deals), the approval and closing of those transactions, and Defendant's subsequent reclassification, offset, or withholding of compensation after the deals were closed and payment was received. Whether CloudBees' actions were consistent with the Agreements presents a fact-intensive dispute regarding the application of the compensation plan not a pleading deficiency. Finally, Schafer alleges resulting damages, including unpaid commissions, unpaid incentive compensation, and unpaid draw amounts. *See* Am. Compl., ¶¶ 18-32 and 47-50, (ECF No. 8).

Defendant's contention that Schafer must, at this stage, identify a specific subsection of the compensation policy by number elevates form over substance. The Amended Complaint identifies the governing contracts, describes the operative compensation provisions, alleges performance, and details how CloudBees failed to pay earned compensation. That is sufficient under Rule 8 and *Twombly/Iqbal*. Accordingly, Defendant's Renewed Motion must be denied.

### III.    Plaintiff States a Claim for Promissory Estoppel (Count II)

Schafer pleads promissory estoppel in the alternative to breach of contract, as expressly permitted under Rule 8(d) where the scope or application of the written agreements is disputed. In its Renewed Motion, Defendant argues that Count II is

4

"conclusory" and fails because any alleged promises are subsumed within the written Offer Letter and Sales Incentive Compensation Policy. *See* Def.'s Br. at 7-8 (ECF No. 12).

Promissory estoppel applies to promises made outside the scope of an enforceable contract, including pre-contract representations that induce a party to enter an agreement and post-contract, extra-contractual promises concerning how contractual discretion will be exercised. *See Trevino & Assocs. Mech., L.P. v. Frost Nat'l Bank*, 400 S.W.3d 139, 146 (Tex. App.—Dallas 2013, no pet.) ("[P]romissory estoppel will apply to a promise outside a contract."); *Blackstone Med., Inc. v. Phoenix Surgicals, L.L.C.*, 470 S.W.3d 636, 656 (Tex. App.—Dallas 2015, no pet.) (promissory estoppel viable where independent promise existed outside contract); *El Paso Healthcare Sys., Ltd. v. Piping Rock Corp.*, 939 S.W.2d 695, 699 (Tex. App.—El Paso 1997, writ denied) (same). Thus, where a contract exists, a plaintiff must allege that the promise on which he relied was independent of, and not subsumed by, the written agreement. To state a claim for promissory estoppel, a plaintiff must allege a promise, foreseeable reliance, and detrimental reliance. *See English v. Fischer*, 660 S.W.2d 521, 524 (Tex. 1983). Schafer adequately alleges each element.

First, the Amended Complaint alleges specific promises made outside the express terms of the written Agreements. ECF No. 8 at ¶¶ 11-16 and 55-57. Schafer alleges that during the recruiting process, CloudBees represented that the non-recoverable draw functioned as a guaranteed form of compensation and would not operate to deprive him of earned commissions, while failing to disclose that the six-month structure extended a clawback period that could materially reduce or eliminate commissions. *Id*. He further alleges that his hiring manager represented that he would receive shared credit and commissions on the 7-Eleven onboarding deal if it closed. *Id*. In addition, after he began

5

employment, CloudBees' management and sales operations personnel represented that specific transactions he worked on and closed, including the Dell and 7-Eleven deals, would be treated as "new business" and credited and paid accordingly. *Id*. These alleged promises concern how compensation rules and discretionary deal classifications would be applied in practice and are not limited to the express language of the written Agreements.

Second, Schafer plausibly alleges foreseeable reliance. The Amended Complaint alleges that these representations were made by decision-makers during recruiting and onboarding for the purpose of inducing Schafer to accept employment under a non-standard compensation structure and to continue performing under that structure. ECF No. 8 at ¶¶ 11-16 and 58-60. It was entirely foreseeable that Schafer would rely on such representations in deciding whether to accept the offer and in continuing to close major transactions. *Id*.

Third, the Amended Complaint alleges substantial reliance to Schafer's detriment. Schafer alleges that he accepted CloudBees' offer of employment and agreed to the non-standard six-month draw structure based on the representations made during recruiting. *Id*. He further alleges that he devoted substantial time and effort to closing significant deals, including Dell and 7-Eleven, in reliance on assurances regarding deal classification and commission treatment. *Id*. at ¶¶ 11-32 and 58-60. After those deals closed and revenue was received, CloudBees allegedly reclassified or removed the deals and denied him commission and quota credit, resulting in significant financial loss. *Id*.

These allegations go well beyond "threadbare recitals" of the elements. They identify the speakers (hiring manager and sales operations personnel), the substance of the representations (guaranteed draw, shared credit, "new business" classification), the

context (recruiting and onboarding), and the detrimental consequences. Whether those promises are ultimately enforceable or inconsistent with the written Agreements is a merits question, not a basis for dismissal at the pleading stage. Accordingly, viewed in the light most favorable to Plaintiff, Count II states a plausible claim for promissory estoppel as an alternative to breach of contract. The Renewed Motion to Dismiss must be denied.

### IV.    Plaintiff States a Claim for Fraudulent Inducement (Count III)

Schafer alleges that CloudBees, acting through its hiring manager, made material misrepresentations and misleading partial disclosures regarding the structure and operation of his compensation to induce him to accept employment under a non-standard structure that materially impaired his ability to earn commissions on anticipated onboarding deals. CloudBees moves to dismiss Count III on the grounds that Schafer allegedly fails to plead fraud with the particularity required by Rule 9(b) and fails to allege a material misrepresentation independent of the written Agreements. Those arguments mischaracterize both the Amended Complaint and the governing law.

Under Texas law, fraudulent inducement is a species of common-law fraud and requires proof of the same elements: "(1) that a material representation was made; (2) the representation was false; (3) when the representation was made, the speaker knew it was false or made it recklessly without any knowledge of the truth and as a positive assertion; (4) the speaker made the representation with the intent that the other party should act upon it; (5) the party acted in reliance on the representation; and (6) the party thereby suffered injury." *Italian Cowboy Partners, Ltd. v. Prudential Ins. Co. of America, Inc.*, 341 S.W.3d 323, 337 (Tex. 2011) (quoting *Aquaplex, Inc. v. Rancho La Valencia, Inc.*, 297 S.W.3d 768, 774 (Tex. 2009) (per curiam)). Because fraudulent inducement concerns misrepresentations made to procure an agreement, "the elements of fraud must

7

be established as they relate to an agreement between the parties." *Hooks v. Samson Lone Star, Ltd. P'ship*, 457 S.W.3d 52, 57 (Tex. 2015) (quoting *Haase v. Glazner*, 62 S.W.3d 795, 798–99 (Tex. 2001)).

    **a.** **The "Who, What, When, and Where" of the Alleged Fraud:** Schafer alleges that CloudBees, acting through his hiring manager, made the representations at issue during the recruiting and interview process. Am. Compl, ¶¶ 8-16, (ECF No. 8). The statements were made during employment negotiations, prior to Schafer's acceptance of the offer and execution of the employment documents. *Id*. CloudBees represented that: the non-recoverable draw functioned as a guaranteed form of compensation; the six-month structure was in Schafer's best interests; the draw would not operate to deprive him of earned commissions; and he would receive shared credit and commissions on anticipated onboarding deals such as 7-Eleven. *Id*.

    At the same time, CloudBees failed to disclose a material fact: that the six-month structure extended the clawback period such that draw payments would be deducted from earned commissions and could materially reduce or eliminate commissions on early onboarding deals. *See* Am. Compl., ¶¶ 12-15, ECF No. 8. This is not a vague allegation that the compensation plan was "non-standard." It is a specific allegation that CloudBees described the draw as guaranteed and beneficial while withholding material information about its practical operation and financial consequences.

    **b.** **The "How" and Scienter:** The Amended Complaint alleges that these representations were false or misleading when made because CloudBees knew how the draw and clawback structure operated in practice and knew that the extended clawback period would materially impair Schafer's ability to earn commissions on anticipated early deals. ECF No. 8 at ¶¶ 8–16 and 64-66. CloudBees affirmatively characterized the

8

structure as beneficial and guaranteed while omitting the material consequence that the extended clawback would reduce or eliminate commissions on onboarding transactions. *Id.* Under Texas law, when a party makes a representation that creates a false impression by omitting material facts within its superior knowledge, it may be liable for fraud. *See Italian Cowboy*, 341 S.W.3d at 338–39. At the pleading stage, Plaintiff's allegations plausibly support an inference that CloudBees knew the representations were false or made them recklessly without regard for their truth.

        **c.**      **Intent, Reliance, and Injury:** The Amended Complaint alleges that the representations and omissions were made for the purpose of inducing Schafer to accept employment under the six-month draw structure. ECF No. 8 at ¶¶ 8-16 and 64-66. Schafer alleges that he relied on those representations by accepting the offer and agreeing to the non-standard structure and that he would not have accepted these terms had the true operation of the draw and clawback been disclosed. *Id.* at ¶¶ 18-31 and 67. He further alleges that, as a direct result of his reliance, he suffered financial injury in the form of lost commissions and compensation he reasonably expected to earn. *Id.* These allegations satisfy the reliance and injury elements.

      Defendant argues that no actionable misrepresentation exists because the Offer Letter and Sales Incentive Compensation Policy govern compensation. *See* Def.'s Br. at 9-10, ECF No. 12. That argument conflates fraud in performance with fraud in inducement. Schafer does not allege that CloudBees misperformed the contract at the time of execution. *See* Am. Compl., ECF No. 8 at ¶¶ 8-31 and 64-67. He alleges that CloudBees misrepresented and concealed material facts to induce him to enter into the employment relationship under a non-standard structure. *Id.* Fraudulent inducement challenges the manner in which consent was obtained, not merely subsequent performance. *See Hooks*,

9

457 S.W.3d at 57. Whether the written Agreements ultimately permit the compensation treatment applied by CloudBees is a merits issue. The question at this stage is whether Schafer plausibly alleges that he was misled into entering the agreement. He does.

Under Rule 9(b), a plaintiff must plead the "who, what, when, where, and how" of the alleged fraud. *Williams*, 112 F.3d at 177. The Amended Complaint satisfies that standard. Disputes regarding the merits of Schafer's claim are not appropriately resolved on a Rule 12(b)(6) motion. Accordingly, Defendant's Renewed Motion must be denied.

### V. Alternative Request for Leave to Amend

Rule 15 directs that leave to amend should be "freely give[n] when justice so requires." FED. R. CIV. P. 15(a)(2). The Fifth Circuit has repeatedly emphasized that this mandate should be heeded absent undue delay, bad faith, prejudice, or futility. *See Martin's Herend Imps., Inc. v. Diamond & Gem Trading U.S. Co.*, 195 F.3d 765, 770 (5th Cir. 1999). None of those factors is present here. This case remains at its earliest stage. No discovery has occurred. The Court has not set a deadline for amendment of the pleadings. Thus, Defendant will suffer no prejudice from amendment. To the extent the Court concludes that Plaintiff's allegations require additional factual specificity, amendment is the appropriate remedy.

### CONCLUSION

For the foregoing reasons, Defendant's Renewed Motion to Dismiss should be denied. Plaintiff has adequately stated claims for breach of contract, promissory estoppel, and fraudulent inducement.

Dated: March 3, 2026.

Respectfully submitted,

BRUCE C. KAYE, PLLC

/s/ Bruce C. Kaye
Bruce C. Kaye
State Bar No. 00784374
Heritage One
4835 LBJ Expressway, Suite 470
Dallas, Texas 75201
Phone: (214) 722-7438
Email: bruce@brucekaye.com

ATTORNEY FOR PLAINTIFF

## **CERTIFICATE OF SERVICE**

I hereby certify that on March 3, 2026, the foregoing Plaintiff's Response to Defendant CloudBees, Inc.'s Motion to Dismiss Under Fed. R. Civ. P. 12(b)(6) and, in the Alternative, Request to Amend His Complaint filed electronically through the Court's CM/ECF system, which will serve notice of such filing on all counsel of record.

                                                    /s/  Bruce C. Kaye
                                                        Bruce C. Kaye