**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **NICHOLAS SCHAFER,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **vs.** | § | **CA NO. 3:25-cv-3566-X** |
| | § | |
| **CLOUDBEES, INC.** | § | |
| | § | |
| **Defendant.** | § | |

**DEFENDANT CLOUDBEES, INC.'S REPLY BRIEF IN SUPPORT**
**OF ITS RENEWED MOTION TO DISMISS UNDER FED. R. CIV. P. 12(b)(6)**

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure and Local Rule 7.1(f), Defendant CloudBees, Inc. ("CloudBees") respectfully moves this Court to dismiss all claims in Plaintiff's First Amended Complaint (the "Amended Complaint") because Plaintiff still fails to plead any claims with the requisite particularity and fails to state a claim upon which relief may be granted.

## I. INTRODUCTION

Plaintiff has attempted to allege violations of the law in two versions of his Complaint and has failed to do so both times. He tries to argue breach of contract without a breach, promissory estoppel without a promise, and fraudulent inducement without fraud. The Amended Complaint should be dismissed.

## II. ARGUMENT

### A. Plaintiff's Amended Complaint Fails to State a Claim for Breach of Contract

In his Response to Defendant CloudBees, Inc.'s Renewed Motion to Dismiss ("Plaintiff's Response"), Plaintiff argues that he "plausibly alleges each element" of his breach of contract

1

claim by citing exclusively to conclusory and unsupported allegations in his Amended Complaint. Pl. Resp. at 3, ECF No. 13. Specifically, Plaintiff's Response cites to Paragraphs 16-31 and 41 of the Amended Complaint, ostensibly to establish that he performed his duties and successfully closed "multiple qualifying sales transactions that satisfied the contractual criteria for earning incentive compensation." Pl. Resp. at 3, 4, ECF No. 13.  However, those paragraphs of the Amended Complaint do not allege any facts to establish what applicable contract provisions define a "qualifying" sales transaction or specify any "contractual criteria for earning incentive compensation." *Id.*  Similarly, Plaintiff's Response cites to Paragraphs 42-49 as providing "the specific contractual obligations allegedly breached." *Id*. To the contrary, nowhere in these paragraphs of the Amended Complaint does Plaintiff cite to or quote any such contract terms whatsoever.

As a result, Plaintiff does not allege that CloudBees actually breached an agreement. Plaintiff's Response even acknowledges that: "Whether CloudBees' actions were consistent with the Agreements presents a fact-intensive dispute regarding the application of the compensation plan not a pleading deficiency." Pl. Resp. at 4, ECF No. 13. This is not true. The question of "[w]hether CloudBees' actions were consistent with the Agreement" is the heart of the breach of contract claim and must be pled in the complaint. *See Innova Hosp. San Antonio, L.P. v. Blue Cross & Blue Shield of Georgia, Inc.,* 995 F. Supp. 2d 587, 603 (N.D. Tex. 2014) (Pleading was insufficient when "Plaintiffs' claim is based on their conclusion that [] Defendants failed to pay the reimbursement rate 'required by the contracts' or the 'contractually agreed upon amounts,' but Plaintiffs do not allege what rates were required or contractually agreed upon by the parties.").

In Texas, a breach of contract claim requires "a plaintiff [to] identify a <u>specific provision of the contract</u> that was allegedly breached." *Innova Hosp, San Antonio, L.P. v. Blue Cross and*

*Blue Shield of Georgia, Inc.*, 995 F. Supp. 2d at 602 (emphasis added). "A breach of contract ... only occurs when a party fails or refuses to perform an act that it expressly promised to do." *Gonzales v. Columbia Hosp. at Med. City Dall. Subsidiary LP*, 207 F.Supp. 2d 570, 575 (N.D. Tex. 2002) (Solis, J.) (citing *Methodist Hosps. of Dall. v. Corporate Communicators, Inc.*, 806 S.W.2d 879, 882 (Tex. App.–Dallas 1991, writ denied)).

Plaintiff does not allege that CloudBees failed to perform anything that it "expressly promised to do." *Id.* Plaintiff generally cites the Offer Letter and the CloudBees FY24 Sales Incentive Compensation Policy. But Plaintiff does not cite to any specific provisions of either the Offer Letter or the CloudBees FY24 Sales Incentive Compensation Policy that he alleges CloudBees breached.  Plaintiff did not even quote contractual language.  As pleaded, "it is unclear and uncertain which provision . . . [Defendant] allegedly breached." *Hong Kong Aroma Star Int'l LLC v. Elta MD Inc.*, No. 3:18-CV-2228-G, 2019 WL 2357529, at *4 (N.D. Tex. June 4, 2019)("Instead of citing a specific provision allegedly breached by Elta, Aroma Star levied broad and general claims of breach of contract. Such broad and general claims of breach of contract, without citing specific contractual provisions, are legally conclusory and are, without more, insufficient to reasonably put Elta on notice of the claim brought against it" (citation omitted)).

**B.** **Plaintiff's Complaint Fails to State a Claim for Promissory Estoppel**

Plaintiff recites the elements of promissory estoppel but fails to allege facts that show CloudBees broke any promises. "An 'actual promise' is 'an essential element for any promissory estoppel claim,' and there can be no promissory estoppel claim without a 'definite, unconditional promise.'" *Elite Ctr. for Minimally Invasive Surgery, LLC v. Health Care Serv. Corp.*, 221 F. Supp. 3d 853, 863 (S.D. Tex. 2016) (*quoting Davis v. Tex. Farm Bureau Ins.*, 470 S.W.3d 97, 108 (Tex. App. 2015)). However, "[p]romissory estoppel is not applicable to a promise covered by a

3

valid contract between the parties." *Alvarado v. PNC Bank Nat'l Ass'n*, 660 F. Supp. 3d 612, 619 (S.D. Tex. 2023) (*quoting Johnson v. World All. Fin. Corp.*,  2015 WL 12570894, at *8 (W.D. Tex. July 15, 2015)).

In connection with this claim, Plaintiff alleges vague assurances offered by mostly unnamed and unidentified CloudBees employees rather than "definite, unconditional promise[s]." *Davis v. Tex. Farm Bureau Ins.*, 470 S.W.3d 97, 108 (Tex. App. 2015).  Despite Plaintiff's conclusory allegations that CloudBees employees made "specific promises," he does not allege facts to establish any definite promises. Instead, he appears to allege his own confusion. *See* Am. Compl. ¶11, ECF No. 8 ("it was not clear to him how the change would affect his compensation;" *Id.* ¶14("No one . . .  advised Schafer that  . . . [the] structure created a risk" "Schafer was not informed"). Plaintiff alleges similarly vague assurances regarding the commissions he believes he is owed. *See Id.* ¶13 ("he would share credit and commissions"); *Id.* ¶56 (d) ("transactions . . . would be treated as 'new business'").  Far from "unconditional" promises, even as alleged, these statements were dependent on transactions closing, how transactions were structured and timed, commissions being "shared," and a variety of other circumstances. These allegations do not establish "definite, unconditional promise[s]." *Davis*, 470 S.W.3d at 108.

Moreover, Plaintiff's promissory estoppel claim relies on precisely the same supposed "promises" that he relies on for his breach of contract claim – alleged assurances about  the non-recoverable draw and alleged assurances about the commissions. Because the Plaintiff "has identified no other promise different than the one allegedly contained in the written plan, the doctrine of promissory estoppel is superfluous, and hence inapplicable." *Elite Ctr. for Minimally Invasive Surgery*, 221 F. Supp. 3d at 863; *see also Hunter v. Navy Fed. Credit Union,* 749 F. Supp. 3d 743, 754 (N.D. Tex. 2024).

#### C.    Plaintiff's Complaint Fails to State a Claim for Fraudulent Inducement

Plaintiff's claim of fraud fails to meet the heightened pleading standard of Rule 9(b). Rule 9(b) states: "In alleging fraud or mistake, a party must state <u>with particularity</u> the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b) (emphasis added). Fraud by nondisclosure requires that the plaintiff prove that:

> (1) the defendant deliberately failed to disclose material facts to the plaintiff that the defendant had a duty to disclose, (2) the defendant knew the plaintiff was ignorant of the facts and that the plaintiff did not have an equal opportunity to discover them, (3) by failing to disclose the facts, the defendant intended to induce the plaintiff to take some action or refrain from acting, and (4) the plaintiff relied on the nondisclosure and suffered injury as a result of that reliance.

*Jang Won Cho v. Kun Sik Kim*, 572 S.W.3d 783, 801 (Tex. App.—Houston [14th Dist.] 2019). Also "[i]n fraudulent inducement cases, the plaintiff must show that he would not have entered into the contract in the absence of the misrepresentation." *Bohnsack v. Varco, L.P.*, 668 F.3d 262, 277 (5th Cir. 2012).

Plaintiff does not plead these elements with any level of particularity in the complaint. He does not allege that CloudBees failed to disclose a material fact that it had the duty to disclose. None of the alleged speakers are named or identified in detail. At most, Plaintiff alleges that he did not fully understand the terms of his employment (but did not ask for clarification). *See* Am. Compl. ¶11, ECF No. 8 ("it was not clear to him how the change would affect his compensation."). There is no allegation that anyone at CloudBees was aware that Plaintiff was confused or did not understand the written agreements. Rule 9(b) requires much more than this.

### IV.    CONCLUSION

For the reasons set forth above, CloudBees respectfully requests that CloudBees' Renewed Motion to Dismiss be granted, that Plaintiff's Amended Complaint be dismissed with prejudice, and that the Court award such other and further relief as may be just and proper.

March 17, 2026

Respectfully submitted,

WELMAKER LAW, PLLC

*/s/ Douglas B. Welmaker*
**Douglas B. Welmaker**
State Bar No. 00788641
Welmaker Law, PLLC
505 Magrill St.
Longview, Texas 75601
Phone: (512) 799-2048
Email: doug@welmakerlaw.com

ATTORNEY FOR DEFENDANT
CLOUDBEES INC.

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing Reply in Support of Renewed Motion to Dismiss has been electronically served on all counsel of record below via Notice of Electronic Filing on a known Filing User through the CM/ECF system on March 17, 2026, and as set forth below.

Bruce C. Kaye
Heritage One
4835 LBJ Expressway, Suite 470
Dallas, Texas 75201
Bruce@brucekaye.com

*/s/ Douglas B. Welmaker*
Douglas B. Welmaker

6