IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| NICHOLAS SCHAFER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | CA NO. 3:25-cv-3566-X |
| | § | |
| CLOUDBEES, INC. | § | |
| | § | |
| Defendant. | § | |

DEFENDANT CLOUDBEES, INC.'S REPLY BRIEF IN SUPPORT
OF ITS RENEWED MOTION TO DISMISS SECOND AMENDED COMPLAINT
UNDER FED. R. CIV. P. 12(b)(6)

Defendant CloudBees, Inc. ("CloudBees") respectfully submits this Reply Brief in Support

of its Renewed Motion to Dismiss all claims in Plaintiff's Second Amended Complaint (the

"Second Amended Complaint") because Plaintiff fails to plead any claims with the requisite

particularity and fails to state a claim upon which relief may be granted.

I.      INTRODUCTION

Plaintiff has attempted to allege violations of the law in three versions of his Complaint

and has failed to do so each time. He tries to argue breach of contract without a breach, promissory

estoppel without a promise, and fraudulent inducement without fraud. The Second Amended

Complaint should be dismissed.

II.     ARGUMENT

A.      Plaintiff's Second Amended Complaint Fails to State a Claim for Breach of
        Contract

In his Response to Defendant CloudBees, Inc.'s Renewed Motion to Dismiss ("Plaintiff's

Response"), Plaintiff argues that he "plausibly alleges each element" of his breach of contract

claim by citing exclusively to conclusory and unsupported allegations in his Second Amended Complaint. Pl. Resp. at 3, ECF No. 21. Specifically, Plaintiff's Response cites to Paragraphs 15-30 and 40 of the Second Amended Complaint, ostensibly to establish that he performed his duties and successfully closed "multiple qualifying sales transactions that satisfied the contractual criteria for earning incentive compensation." Pl. Resp. at 3, ECF No. 21.  However, those paragraphs of the Second Amended Complaint do not allege any facts to establish what applicable contract provisions define a "qualifying" sales transaction or specify any "contractual criteria for earning incentive compensation." *Id.* Similarly, Plaintiff's Response cites to Paragraphs 41-48 as providing "the specific contractual obligations allegedly breached." *Id*. To the contrary, nowhere in these paragraphs of the Second Amended Complaint does Plaintiff cite to or quote any such contract terms.

As a result, Plaintiff does not allege that CloudBees actually breached an agreement. Plaintiff's Response even acknowledges that: "Whether CloudBees' actions were consistent with the Agreements presents a fact-intensive dispute regarding the application of the compensation plan not a pleading deficiency." Pl. Resp. at 4, ECF No. 21. This is not true. The question of "[w]hether CloudBees' actions were consistent with the Agreement" is the heart of the breach of contract claim and must be pled in the Complaint. *See Innova Hosp. San Antonio, L.P. v. Blue Cross & Blue Shield of Georgia, Inc.,* 995 F. Supp. 2d 587, 603 (N.D. Tex. 2014) (Pleading was insufficient when "Plaintiffs' claim is based on their conclusion that [] Defendants failed to pay the reimbursement rate 'required by the contracts' or the 'contractually agreed upon amounts,' but Plaintiffs do not allege what rates were required or contractually agreed upon by the parties.").

In Texas, a breach of contract claim requires "a plaintiff [to] identify a <u>specific provision of the contract</u> that was allegedly breached." *Innova Hosp. San Antonio*, 995 F. Supp. 2d at 602

(emphasis added). "A breach of contract ... only occurs when a party fails or refuses to perform an act that it expressly promised to do." *Gonzales v. Columbia Hosp. at Med. City Dall. Subsidiary LP*, 207 F. Supp. 2d 570, 575 (N.D. Tex. 2002) (Solis, J.) (citing *Methodist Hosps. of Dall. v. Corporate Communicators, Inc.*, 806 S.W.2d 879, 882 (Tex. App.—Dallas 1991, writ denied)).

Plaintiff does not allege that CloudBees failed to perform anything that it "expressly promised to do." *Id.* Plaintiff generally cites the Offer Letter and the CloudBees FY24 Sales Incentive Compensation Policy. But Plaintiff does not reference any specific provisions of either the Offer Letter or the CloudBees FY24 Sales Incentive Compensation Policy that he alleges CloudBees breached.  Plaintiff did not quote contractual language and did not include a copy of the contract as an attachment. If the court is unable to identify one or more specific contractual provisions at issue, then the "[p]laintiffs fail [ ] to allege enough facts about the terms of [a contract] to raise their right to relief above the speculative level." *Innova Hosp. San Antonio*, 995 F. Supp. 2d at 603 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). As pleaded, "it is unclear and uncertain which provision . . . [Defendant] allegedly breached." *Hong Kong Aroma Star Int'l LLC v. Elta MD Inc.*, No. 3:18-CV-2228-G, 2019 WL 2357529, at *4 (N.D. Tex. June 4, 2019).

### B. Plaintiff's Second Amended Complaint Fails to State a Claim for Promissory Estoppel

Plaintiff recites the elements of promissory estoppel but fails to allege facts that show CloudBees broke any promises. "An 'actual promise' is 'an essential element for any promissory estoppel claim,' and there can be no promissory estoppel claim without a 'definite, unconditional promise.'" *Elite Ctr. for Minimally Invasive Surgery, LLC v. Health Care Serv. Corp.*, 221 F. Supp. 3d 853, 863 (S.D. Tex. 2016) (*quoting Davis v. Tex. Farm Bureau Ins.*, 470 S.W.3d 97, 108 (Tex. App.—Houston [1st Dist.] 2015, no pet)).   However, "[p]romissory estoppel is not applicable to

a promise covered by a valid contract between the parties." *Alvarado v. PNC Bank Nat'l Ass'n*, 660 F. Supp. 3d 612, 619 (S.D. Tex. 2023) (*quoting Johnson v. World All. Fin. Corp.*, 2015 WL 12570894, at *8 (W.D. Tex. July 15, 2015)).

In connection with this claim, Plaintiff alleges vague assurances offered by mostly unnamed and unidentified CloudBees employees rather than "definite, unconditional promise[s]." *Davis*, 470 S.W.3d at 108. Despite Plaintiff's conclusory allegations that CloudBees employees made "specific promises," he does not allege facts to establish any definite promises. Instead, he appears to allege his own confusion. *See* Second Am. Compl. ¶ 10, ECF No. 18 ("it was not clear to him how the change would affect his compensation"); *id.* ¶ 13 ("No one . . . advised Schafer that . . . [the] structure created a risk"; "Schafer was not informed"). Plaintiff alleges similarly vague assurances regarding the commissions he believes he is owed. *See id.* ¶ 12 ("he would share credit and commissions"); *id.* ¶ 55(d) ("transactions . . . would be treated as 'new business'"). Far from "unconditional" promises, even as alleged, these statements were dependent on transactions closing, how transactions were structured and timed, commissions being "shared," and a variety of other circumstances. These allegations do not establish "definite, unconditional promise[s]." *Davis*, 470 S.W.3d at 108.

In addition, Plaintiff's promissory estoppel claim relies on the same purported "promises" that underlie his breach of contract claim: alleged assurances about the non-recoverable draw and alleged assurances about the commissions. Plaintiff somewhat confusingly claims that these "promises" were all made outside of the written contract although he relies on the same alleged compensation structures for his breach of contract claims. Pl. Resp. at 4, 5-6, ECF No. 21. Because Plaintiff "has identified no other promise different than the one allegedly contained in the written plan, the doctrine of promissory estoppel is superfluous, and hence inapplicable." *Elite Ctr. for*

4

*Minimally Invasive Surgery*, 221 F. Supp. 3d at 863; *see also Hunter v. Navy Fed. Credit Union,* 749 F. Supp. 3d 743, 754 (N.D. Tex. 2024).

### C. Plaintiff's Second Amended Complaint Fails to State a Claim for Fraudulent Inducement

Plaintiff's claim of fraud fails to meet the heightened pleading standard of Rule 9(b). Rule 9(b) states: "In alleging fraud or mistake, a party must state <u>with particularity</u> the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b) (emphasis added). "To recover for fraud or fraudulent inducement through affirmative misrepresentation, the plaintiff must establish that: (1) the defendant made a material representation concerning an existing fact; (2) the representation was false when it was made; (3) the speaker knew the misrepresentation was false, or made it recklessly without knowledge of its truth and as a positive assertion; (4) the speaker made the misrepresentation with the intent that it should be acted upon; (5) the plaintiff acted with justifiable reliance on the misrepresentation; and (6) the plaintiff suffered injury as a result." *Wesdem, L.L.C. v. Ill. Tool Works, Inc.*, 70 F.4th 285, 291 (5th Cir. 2023); *Barrow-Shaver Res. Co. v. Carrizo Oil & Gas, Inc.*, 590 S.W.3d 471, 496 (Tex. 2019).

Similarly, fraud by nondisclosure requires that the plaintiff prove that: (1) the defendant deliberately failed to disclose material facts to the plaintiff that the defendant had a duty to disclose, (2) the defendant knew the plaintiff was ignorant of the facts and that the plaintiff did not have an equal opportunity to discover them, (3) by failing to disclose the facts, the defendant intended to induce the plaintiff to take some action or refrain from acting, and (4) the plaintiff relied on the nondisclosure and suffered injury as a result of that reliance. *Jang Won Cho v. Kun Sik Kim*, 572 S.W.3d 783, 801 (Tex. App.—Houston [14th Dist.] 2019, no pet). Also "[i]n fraudulent inducement cases, the plaintiff must show that he would not have entered into the contract in the absence of the misrepresentation." *Bohnsack v. Varco, L.P.*, 668 F.3d 262, 277 (5th Cir. 2012).

5

Plaintiff does not plead these elements with any level of particularity in the Complaint. The alleged material false representations that Plaintiff references include the hiring manager telling Plaintiff that the structure was "in his best interest" and that an unidentified party at CloudBees described the draw as a guarantee. The alleged material fact that CloudBees failed to disclose is the effect of the six-month draw, and Plaintiff does not specify why he believes CloudBees had the duty to disclose this issue when there is no indication that CloudBees realized that the Plaintiff did not understand the effect. Most of the alleged speakers are not named or identified in detail.[1] At most, Plaintiff alleges that he did not fully understand the terms of his employment (but did not ask for clarification). *See* Second Am. Compl. ¶ 10, ECF No. 18 ("it was not clear to him how the change would affect his compensation."). There is no allegation that anyone at CloudBees was aware that Plaintiff did not understand the written agreements. Rule 9(b) requires much more than this.

### D.      Leave to Amend for a Third Time Would Be Futile

Although the court "should freely give leave when justice so requires," Fed. R. Civ. P. 15(a)(2), it "is within the district court's discretion to deny a motion to amend if it is futile." *Stripling v. Jordan Prod. Co., LLC*, 234 F.3d 863, 872–73 (5th Cir. 2000). Plaintiff has already amended his Complaint twice. No facts have changed since then. Plaintiff has been in possession of the operative Agreements the entire time. Another attempt would be futile.

## III.    CONCLUSION

WHEREFORE, for the reasons set forth above, CloudBees respectfully requests that CloudBees' Renewed Motion to Dismiss be granted, that Plaintiff's Second Amended Complaint

---

[1] Plaintiff correctly points out that Defendant mistakenly asserted that Plaintiff had not named the hiring manager. Defendant regrets this mistake.

be dismissed with prejudice, and that the Court award such other and further relief as may be just and proper.

July 22, 2026                                          Respectfully submitted,

                                                       WELMAKER LAW, PLLC

                                                       */s/ Douglas B. Welmaker*
                                                       **Douglas B. Welmaker**
                                                       State Bar No. 00788641
                                                       Welmaker Law, PLLC
                                                       505 E. Magrill St.
                                                       Longview, Texas 75601
                                                       Phone: (512) 799-2048
                                                       Email: doug@welmakerlaw.com

                                                       ATTORNEY FOR DEFENDANT
                                                       CLOUDBEES INC.


## CERTIFICATE OF SERVICE

I hereby certify that the foregoing Reply in Support of Renewed Motion to Dismiss has been electronically served on all counsel of record via Notice of Electronic Filing through the CM/ECF system on July 22, 2026, as set forth below.

Bruce C. Kaye
Heritage One
4835 LBJ Expressway, Suite 470
Dallas, Texas 75201
Bruce@brucekaye.com

                                                       */s/ Douglas B. Welmaker*
                                                       **Douglas B. Welmaker**