UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| NICHOLAS SCHAFER, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | Civil Action No. 3:25-CV-3566-X |
| | § | |
| CLOUDBEES, INC. | § | |
| | § | |
| *Defendant*. | § | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Defendant CloudBees, Inc.'s (CloudBees) Motion to Dismiss (Doc. 19). Having considered the motion, briefing, and applicable law, the Court **GRANTS IN PART** and **DENIES IN PART** the motion. The Court **DISMISSES WITH PREJUDICE** Plaintiff Nicholas Schafer's (Schafer) promissory estoppel claim, **DISMISSES WITHOUT PREJUDICE** Schafer's fraudulent inducement claim, and **DENIES** CloudBees's motion as to Schafer's breach of contract claim.

## I. Background

This case arises out of a dispute over how CloudBees compensated Nicholas Schafer. In July 2023, CloudBees offered Schafer a job as an account executive, and Schafer accepted. CloudBees laid out Schafer's compensation package in an offer letter, the CloudBees FY24 Sales Incentive Compensation Policy (the "Policy"), and a related compensation plan (the "Plan") (collectively, the "Agreements"). The Agreements provided for a base salary, a non-recoverable draw against his

commissions, and an outline for incentive compensation, including commissions earned on qualifying sales transactions.

During his employment at CloudBees, Schafer closed three deals—two with Dell that CloudBees told Schafer constituted "new business," and one with 7-Eleven/Southland Corp. Schafer alleges that CloudBees then paid Schafer at a rate lower than the standard "new business" rate for the Dell sales and did not give him any credit for the 7-Eleven sale. Shortly thereafter, CloudBees terminated Schafer's employment.

Schafer claims CloudBees did not pay him in accordance with the Agreements and representations made during the recruitment process. Schafer further claims CloudBees breached the contract by not paying his commission for the Dell sales as "new business" and for not allowing him to receive credit for the 7-Eleven deal. Additionally, Schafer contends that during the recruitment process, CloudBees represented the draw as a guarantee, that the six-month structure was in his best interest, and that he would earn commission for the deals he closed.

## II. Legal Standard

Rule 12(b)(6) authorizes dismissal when a complaint fails to "state a claim upon which relief can be granted."[1] A pleading in federal court must state "a short and plain statement of the claim showing that the pleader is entitled to relief."[2] In stating their claim, the plaintiff does not have to plead detailed facts, but

[1] FED. R. CIV. P. 12(b)(6).

[2] FED. R. CIV. P. 8(a)(2).

"[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."[3] For a complaint to survive a motion to dismiss under Rule 12(b)(6), it must allege sufficient facts "to state a claim to relief that is plausible on its face."[4] And a claim is plausible on its face when supported by enough facts that the Court can "draw the reasonable inference that the defendant is liable for the misconduct alleged."[5]

When considering a Rule 12(b)(6) motion to dismiss, the Court must construe the complaint liberally in favor of the plaintiff and accept all facts pleaded in the complaint as true.[6] That said, courts do not "accept as true legal conclusions, conclusory statements, or naked assertions devoid of further factual enhancement."[7]

## III. Analysis

Schafer brings claims for breach of contract, promissory estoppel, and fraudulent inducement. CloudBees moves to dismiss all three for failure to state a claim, and the Court addresses each in turn.

### A. Breach of Contract

Schafer sufficiently states a breach of contract claim because he alleges that CloudBees failed to pay him in accordance with the Agreements for his performance of the deals he closed. In Texas,[8] a breach of contract claim must state: "(1) the

---

[3] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[4] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

[5] *Iqbal*, 556 U.S. at 678.

[6] *See Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000).

[7] *Edmiston v. Borrego*, 75 F.4th 551, 557 (5th Cir. 2023) (cleaned up).

[8] Neither party disputes that Texas law applies. *See* Docs. 18 ¶ 5; 20 at 5; 21 at 3.

existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages to the plaintiff resulting from the breach."[9]

Schafer's Second Amended Complaint sufficiently alleges every element. First, Schafer alleges the existence of valid Agreements.[10] Second, Schafer alleges he performed under the Agreements by closing three deals and complying with applicable compensation policies.[11] Third, Schafer alleges CloudBees breached by failing to pay Schafer his earned incentive compensation and non-recoverable draws in accordance with the Agreements.[12] Fourth, Schafer alleges CloudBees's breach damaged him because he never received unpaid commissions and incentive compensation due to him under the contract.[13] Accordingly, Schafer pled a valid breach of contract claim. So the Court **DENIES** CloudBees's motion to dismiss as to breach of contract.

## B. Promissory Estoppel

Schafer fails to state a promissory estoppel claim because the Agreements cover the very promises he relies upon for his promissory estoppel claims.[14] Under

---

[9] *Lewis v. Bank of Am.*, 343 F.3d 540, 545 (5th Cir. 2003) (cleaned up).

[10] Docs. 18 ¶¶ 37–50; 20 at 1–2; 21 at 3.

[11] Doc. 18 ¶ 40.

[12] *Id.* ¶¶ 41–48. CloudBees argues that Schafer's breach of contract claim fails because Schafer did not "identify a specific provision of the contract that was allegedly breached." Doc. 20 at 6. But Schafer points to at least three specific contract provisions that CloudBees allegedly breached. *See* Doc. 18 ¶¶ 37–50 (mentioning the Agreements' salary, draw, and incentive compensation provisions). Schafer need not allege actual contract language to sufficiently show breach. *See Innova Hosp. S.A., Ltd. P'ship v. Blue Cross & Blue Shield of Ga., Inc.*, 892 F.3d 719, 732 (5th Cir. 2018).

[13] Doc. 18 ¶¶ 43–52.

[14] *Id.* ¶¶ 38–39, 55, 61; *see* Docs 7-1, 7-2.

Texas law, a promissory estoppel claim requires: (1) a promise; (2) foreseeability of reliance thereon by the defendant; and (3) substantial reliance by the plaintiff to its detriment.[15] "[T]he promissory estoppel doctrine presumes no contract exists."[16] A promissory estoppel claim cannot coexist with a breach of contract claim based upon the same promises as an alleged valid contract.[17] When parties incorporate agreements into the Complaint by reference and through exhibits, "the exhibit and not the allegation controls."[18]

The parties do not dispute that a valid contract exists, so the only question is whether the promises Schafer relied on fall inside or outside of the contract.[19] Here, each of the promises alleged fall inside the four corners of the Agreements.[20]

First, Schafer alleges CloudBees promised the draw was a "guaranteed form of compensation" that would not reduce his commissions or impair his "ability to earn commissions on deals he successfully closed."[21] But Schafer also alleges the

[15] *Aperia Sols., Inc. v. Evance, Inc.*, No. 3:18-CV-03276-X, 2020 WL 6946514, at *4 (N.D. Tex. Nov. 25, 2020).

[16] *Subaru of Am., Inc. v. David McDavid Nissan, Inc.*, 84 S.W.3d 212, 226 (Tex. 2002).

[17] *See, e.g.*, *Est. of Rashti v. Bank of Am. Nat'l Ass'n*, 782 F. App'x 322, 327 (5th Cir. 2019) (per curiam) (affirming dismissal of promissory estoppel claim where the promise was covered by a valid contract between the parties); *Hunter v. Navy Fed. Credit Union*, 749 F. Supp. 3d 743, 753–54 (N.D. Tex. 2024) (Fitzwater, S.J.) (same).

[18] *United States ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 377 (5th Cir. 2004) (where an allegation is contradicted by an exhibit included in the pleading, the exhibit controls).

[19] *See Rashti*, 782 F. App'x at 327; Docs. 18 ¶ 38; 20 at 1; 7-1 at 1. Schafer's Second Amended Complaint incorporates the Agreements by reference, and CloudBees provides the Agreements as Exhibits, so the Agreements control over Schafer's allegations. *See Riley*, 355 F.3d at 377.

[20] *See* Docs. 7-1, 7-2.

[21] Doc. 18 ¶ 55(a)–(b).

Agreements "expressly provided" the terms of the draw.[22] So the first promise fails because the Agreements' terms covered it.

Second, Schafer alleges CloudBees told him he would share "credit and commissions for work performed on the 7-Eleven onboarding deal."[23] But Schafer also argues that the Agreements govern his "commissions earned on qualifying sales transactions" and that CloudBees did not pay him per the compensation agreement.[24] And Schafer also agrees that the Policy supersedes all prior representations regarding incentive compensation.[25] So the second promise fails because the Agreements covered it.

Third, Schafer alleges that after signing the Policy, his managers told him the deals he closed would qualify as "new business."[26] That statement came after Schafer signed the Policy and the Plan, so the integration clause referred to above does not reach it. But the Plan specifically defines what qualifies as new business and precludes any modification "unless signed by an authorized CloudBees representative and the Participant."[27] Accordingly, the Plan governs what constitutes new business. So the third promise fails because the Agreements covered it.

---

[22] *Id.* ¶ 44; *see also* Doc. 7-1 at 1 ("Non-Recoverable Draw against [Schafer's] commissions . . . not subject to repayment").

[23] Doc. 18 ¶ 55(c).

[24] *Id.* ¶¶ 30, 39.

[25] Doc. 7-2 at 12, 16 (stipulating that the Policy and the Plan constitute "the complete and exclusive understanding and agreement of the parties with regard to Incentive Compensation" and "supersede[] and replace[] all prior agreements, representations or understandings, whether written, oral or implied . . . regarding Incentive Compensation").

[26] Doc. 18 ¶¶ 19, 27–28, 55(d).

[27] Doc. 7-2 at 18–19, 22 (discussing New/Expansion ARR (Annualized Recurring Revenue)).

Because the Agreements govern Schafer's promissory estoppel claims, Schafer fails to state a plausible promissory estoppel claim. So the Court **GRANTS** CloudBees's Motion to Dismiss as to the promissory estoppel claim.

**C. Fraudulent Inducement**

Schafer does not sufficiently state a fraudulent inducement claim because he has failed to meet the Rule 9(b) requirements for fraud claims. "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake."[28] The allegations "must meet the minimum requirements of [Rule] 9(b)."[29] The Fifth Circuit "interprets Rule 9(b) strictly, requiring a plaintiff pleading fraud to specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent."[30] Put simply, Rule 9(b) requires the complaint to state "the who, what, when, where, and how."[31]

Here, Schafer failed to plead his fraudulent inducement claim with "requisite particularity."[32] Schafer claims that CloudBees misrepresented "the nature of the non-recoverable draw, the effect of the six-month draw structure on commission clawbacks, and Schafer's ability to earn commissions on anticipated onboarding

---

[28] FED. R. CIV. P. 9(b).

[29] *Langston v. Ethicon Inc.*, No. 3:20-CV-3712-S, 2021 WL 6198218, at *8 (N.D. Tex. Dec. 31, 2021) (quoting *United States ex rel. King v. Alcon Labs., Inc.*, 232 F.R.D. 568, 570 (N.D. Tex. 2005)).

[30] *Herrmann Holdings Ltd. v. Lucent Techs. Inc.*, 302 F.3d 552, 565 (5th Cir. 2002) (cleaned up).

[31] *ABC Arbitrage Pls. Grp. v. Tchuruk*, 291 F.3d 336, 350 (5th Cir. 2002) (cleaned up).

[32] Doc. 18 ¶¶ 62–66.

deals."[33] But Schafer fails to state with any particularity "the who, what, when, where, and how."[34] Because Schafer has failed to meet the Rule 9(b) minimum pleading standard for fraud, Schafer has not plausibly stated a claim for fraudulent inducement. Accordingly, the Court **GRANTS** CloudBees's Motion to Dismiss as to the fraudulent inducement claim.

## IV. Conclusion

Schafer states a breach of contract claim but fails to state a claim for promissory estoppel and fraudulent inducement. So the Court **DENIES** CloudBees's motion as to breach of contract and **GRANTS** CloudBees's motion as to promissory estoppel and fraudulent inducement. The Court **DISMISSES WITH PREJUDICE** Schafer's promissory estoppel claim because the Agreements cover every promise underlying the claim such that any amendment would be futile.[35] And the Court **DISMISSES WITHOUT PREJUDICE** Schafer's fraudulent inducement claim.

This case needs to get moving. Schafer may file an amended complaint that addresses the fraudulent inducement deficiencies by no later than 5:00 pm on October 13, 2026. If Schafer amends, CloudBees **SHALL** file an amended answer or a motion to dismiss by no later than 5:00 pm on October 20, 2026. Schafer **SHALL** respond to

---

[33] Doc. 18 ¶ 63. Because Schafer's claim fails Rule 9(b), the Court need not reach whether he plausibly alleged each element of fraudulent inducement under Texas law. But the Court notes that Schafer also has not pled a valid fraudulent inducement claim notwithstanding the 9(b) problems.

[34] *ABC Arbitrage*, 291 F.3d at 350.

[35] *See Terry Black's Barbecue, L.L.C. v. State Auto. Mut. Ins. Co.*, 22 F.4th 450, 460 (5th Cir. 2022) (holding that "amendment would be futile and the district court did not err in denying leave to amend" where the court could "perceive no set of facts" that enable plaintiff to state a claim for relief).

any motion to dismiss by no later than 5:00 pm on October 23, 2026. And CloudBees may reply by no later than 5:00 pm on October 25, 2026.

**IT IS SO ORDERED** this 6th day of October, 2026.

BRANTLEY STARR
UNITED STATES DISTRICT JUDGE