**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **NICHOLAS SCHAFER,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. 3:25-CV-3566-X** |
| | § | |
| **CLOUDBEES, INC.** | § | |
| | § | |
| **Defendant.** | § | |

**DEFENDANT CLOUDBEES, INC.'S ANSWER TO PLAINTIFF'S THIRD AMENDED COMPLAINT**

Defendant CloudBees, Inc. ("CloudBees") answers Plaintiff Nicholas Schafer's Third Amended Complaint and Jury Demand ("Complaint") as follows. The numbered responses below correspond to the Complaint's numbered paragraphs.[1]

## I. RESPONSES TO ALLEGATIONS

### A. Parties

1. CloudBees admits that Plaintiff is a citizen of Texas. CloudBees lacks knowledge or information sufficient to form a belief as to the truth of the allegation that Plaintiff resides in Dallas County and therefore denies that allegation.
2. In response to paragraph 2 under "Parties," CloudBees admits that it is a Delaware corporation. CloudBees denies that its principal place of business is at 125 S. Market St., Suite 400, San Jose, California 95113. CloudBees's principal place of business is Faubourg de l'Hôpital 18, CH-2000 Neuchâtel, Switzerland. The statement concerning further

[1] Because the Complaint contains two paragraphs numbered "2," CloudBees separately identifies its responses to those paragraphs.

service is a legal conclusion requiring no response; to the extent a response is required, CloudBees does not contest the sufficiency of service of the Complaint.

**B. Jurisdiction and Venue**

2. In response to paragraph 2 under "Jurisdiction and Venue," CloudBees admits that this Court has subject-matter jurisdiction over this action under 28 U.S.C. § 1332. CloudBees denies that Plaintiff is entitled to recover more than $75,000, or any amount, from CloudBees.

3. CloudBees admits that it is incorporated under Delaware law, that its principal place of business is in Neuchâtel, Switzerland, and that it is not a citizen of Texas. CloudBees admits that Plaintiff is a citizen of Texas.

4. CloudBees admits that Plaintiff seeks recovery of allegedly unpaid compensation and other damages and that the amount Plaintiff places in controversy exceeds $75,000, exclusive of interest and costs. CloudBees denies that Plaintiff is entitled to the relief sought.

5. CloudBees does not contest venue in this District for purposes of this action. CloudBees otherwise denies the allegations to the extent they characterize CloudBees as having committed any actionable act or omission.

6. CloudBees admits that this action was removed from the 68th Judicial District Court of Dallas County, Texas, to this Court and that venue is proper in this District following removal.

**C. Facts**

7. CloudBees admits that it hired Plaintiff as an Account Executive. CloudBees denies any characterization inconsistent with its employment records.

8. CloudBees admits that it provided Plaintiff with Exhibit A titled "CloudBees FY24 Sales Incentive Compensation Policy." CloudBees denies that Plaintiff's characterization of those materials accurately or completely states their terms or legal effect.

9. CloudBees admits that communications concerning Plaintiff's proposed compensation occurred during the recruiting process. CloudBees denies that Exhibit B or the allegations accurately or completely characterize those communications or the compensation terms ultimately reached.

12. CloudBees admits that an example compensation plan was communicated to Plaintiff during the recruiting process. CloudBees denies that Exhibit C or an example plan, standing alone, established Plaintiff's entitlement to compensation on any particular transaction. CloudBees denies the remaining allegations to the extent they inaccurately or incompletely characterize the communications or applicable compensation terms.[2]

13. CloudBees admits that Plaintiff participated in recruiting discussions with Graciela Arguelles. CloudBees denies that those discussions created compensation rights different from those established by the parties' applicable written agreements. CloudBees lacks knowledge or information sufficient to form a belief as to Plaintiff's alleged recollection and otherwise denies the allegations.

14. CloudBees denies the allegations of paragraph 14.

15. CloudBees lacks knowledge or information sufficient to form a belief as to Plaintiff's alleged understanding and therefore denies that allegation. CloudBees denies the remaining allegations.

---

[2] Because the Complaint omits paragraphs numbers 10 and 11, CloudBees also omits those paragraph numbers herein to mirror the Complaint's numbered allegations.

16. CloudBees denies the allegations of paragraph 16.
17. CloudBees admits that Plaintiff received the written offer of employment in Exhibit D. CloudBees denies any characterization of that offer inconsistent with its actual terms.
18. CloudBees lacks knowledge or information sufficient to form a belief as to Plaintiff's alleged belief and therefore denies that allegation. CloudBees denies the remaining allegations of paragraph 18.
19. CloudBees denies the allegations of paragraph 19.
20. CloudBees denies the allegations of paragraph 20.
21. CloudBees lacks knowledge or information sufficient to form a belief as to Plaintiff's alleged recollection or characterization and therefore denies those allegations. CloudBees denies that Plaintiff's characterization establishes an entitlement to compensation.
22. CloudBees lacks knowledge or information sufficient to form a belief as to Plaintiff's alleged subjective assessment and therefore denies those allegations. CloudBees denies that it made any misleading representation or offered any compensation entitlement beyond the applicable written agreements.
23. CloudBees denies the allegations of paragraph 23.
24. CloudBees denies the allegations of paragraph 24.
25. CloudBees admits that Plaintiff accepted employment with CloudBees and became its employee. CloudBees denies any characterization of the documents Plaintiff executed or received that is inconsistent with the documents' actual terms.
26. CloudBees admits that Plaintiff was employed by CloudBees and denies the remaining allegations in Paragraph 26.

**FIRST DEAL: Dell 1.0**

27. CloudBees admits that its business includes software-license sales and renewals. CloudBees denies that the allegations accurately or completely describe its transaction classifications, pricing practices, or compensation rules.

28. CloudBees admits that Dell was its customer and that the November 2023 transaction is not at issue. CloudBees denies the remaining allegations to the extent inconsistent with its transaction records and applicable compensation policies.

29. CloudBees denies the allegations of paragraph 29.

30. CloudBees denies that a Salesforce designation, standing alone, establishes a transaction's treatment under the applicable compensation agreements or Plaintiff's entitlement to commissions. CloudBees denies the remaining allegations in paragraph 30.

**SECOND DEAL: 7-Eleven/Southland Corporation**

31. CloudBees admits that a transaction involving 7-Eleven closed in January 2024. CloudBees denies the remaining allegations to the extent inconsistent with its transaction records.

32. CloudBees admits that Plaintiff participated in activities concerning the 7-Eleven opportunity. CloudBees denies that the allegations accurately or completely describe Plaintiff's role or establish an entitlement to the compensation claimed.

33. CloudBees admits that the 7-Eleven transaction closed on January 31, 2024. CloudBees lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations and therefore denies them.

34. CloudBees denies the allegations of paragraph 34.

35. CloudBees lacks knowledge or information sufficient to form a belief as to when Plaintiff allegedly formed the understanding described in this paragraph and therefore denies that allegation. CloudBees denies the remaining allegations.

36. CloudBees denies the allegations of paragraph 36.

37. CloudBees denies the allegations of paragraph 37.

**THIRD DEAL: Dell 2.0**

38. CloudBees denies that the allegations accurately or completely describe the transaction, the relevant communications, or the compensation due under the applicable agreements. CloudBees denies that Plaintiff earned compensation that CloudBees failed to pay.

39. CloudBees denies that the alleged statements or Salesforce classification established an entitlement to the compensation Plaintiff seeks. CloudBees denies the remaining allegations in paragraph 39.

40. CloudBees admits that Plaintiff communicated the questions concerning compensation in Exhibit E. CloudBees denies any characterization of those communications inconsistent with their actual content and denies that they establish liability.

41. CloudBees denies the allegations of paragraph 41.

42. CloudBees admits that Plaintiff raised compensation concerns with Ms. Arguelles. CloudBees denies the remaining allegations, including the accuracy and context of the quotation attributed to her in Exhibit F.

43. CloudBees admits that Plaintiff prepared notes containing allegations concerning his employment and compensation. CloudBees denies the truth of the allegations attributed to those notes.

44. CloudBees admits that Plaintiff recorded his position concerning compensation during his employment. CloudBees denies that Plaintiff's assertions were accurate or that CloudBees improperly removed compensation or quota credit.
45. CloudBees denies the allegations of paragraph 45.
46. CloudBees admits that Plaintiff prepared notes concerning his employment-related complaints. CloudBees denies that those notes accurately or completely reflect the events described or corroborate wrongdoing by CloudBees. CloudBees denies the remaining allegations.
47. CloudBees denies the allegations of paragraph 47.
48. CloudBees admits that Plaintiff provided Human Resources with written complaints concerning his employment. CloudBees denies the truth of the underlying allegations described in paragraph 48 and denies that those complaints establish fraud, improper inducement, or detrimental reliance.
49. CloudBees admits that Plaintiff's notes contain his characterizations of discussions concerning the 7-Eleven opportunity. CloudBees denies the remaining allegations.
50. CloudBees denies the allegations of paragraph 50.
51. CloudBees denies the allegations of paragraph 51, including each allegation in subparagraphs (i) through (vii).
52. CloudBees lacks knowledge or information sufficient to form a belief as to Plaintiff's alleged medical history or subjective reasons for taking leave and therefore denies those allegations. CloudBees denies that it subjected Plaintiff to a hostile work environment or planned to belittle or shame him.

53. CloudBees lacks knowledge or information sufficient to form a belief as to Plaintiff's alleged medical condition, medical history, or treatment and therefore denies those allegations. CloudBees denies that any actionable conduct by CloudBees caused Plaintiff injury.

54. CloudBees lacks knowledge or information sufficient to form a belief as to Plaintiff's alleged use of counseling services and therefore denies that allegation. CloudBees denies that any actionable conduct by CloudBees caused Plaintiff to require counseling.

55. CloudBees admits that Plaintiff's employment ended. CloudBees denies that Plaintiff was wrongfully terminated, that CloudBees planned to disparage him, or that his separation was otherwise unlawful.

**D. Causes of Action**

**Count I: Breach of Contract**

56. CloudBees incorporates its responses to paragraphs 1-55 as though fully set forth herein.

**A. Existence of Valid Contracts**

57. CloudBees admits the allegations in Paragraph 57.

58. CloudBees admits that the applicable written compensation documents address base salary, draw payments, and incentive compensation. CloudBees denies any characterization inconsistent with their actual terms, conditions, limitations, and requirements.

**B. Schafer's Performance**

59. CloudBees admits that Plaintiff accepted employment and performed work for CloudBees. CloudBees denies that Plaintiff satisfied all requirements for the compensation he seeks and denies the remaining allegations.

### C. Cloudbees' Breaches

#### i. Failure to Pay Earned Incentive Compensation

60. CloudBees denies Plaintiff's characterization of the applicable agreements to the extent inconsistent with their actual terms and denies that CloudBees failed to pay compensation due under those agreements.
61. CloudBees denies the allegations of paragraph 61.
62. CloudBees denies the allegations of paragraph 62.

#### ii. Breach of Non-Recoverable Draw Obligations

63. CloudBees admits that Plaintiff's offer letter addressed a non-recoverable draw against commissions. CloudBees denies that Plaintiff accurately or completely characterizes the operation or legal effect of that provision and denies that the provision necessarily required payment of commissions in addition to the applicable draw.
64. CloudBees denies the allegations of paragraph 64.
65. Paragraph 65 is a heading rather than a factual allegation and requires no response. To the extent a response is required, CloudBees denies that it failed to comply with any termination-related payment obligation.
66. CloudBees denies Plaintiff's characterization of the compensation policy to the extent inconsistent with its actual terms and denies that any earned compensation remains unpaid.
67. CloudBees admits that Plaintiff's employment with CloudBees ended in February 2024. CloudBees denies the remaining allegations of paragraph 67.
68. CloudBees admits that it was required to comply with its enforceable contractual payment obligations. CloudBees denies that it failed to do so or that Plaintiff is owed additional compensation.

69. CloudBees denies the allegations of paragraph 69.

**D. Damages**

In response to the unnumbered paragraph beginning "As a direct and proximate result" following paragraph 69, CloudBees denies that it breached any agreement, caused Plaintiff recoverable damages, or owes Plaintiff unpaid commissions, incentive compensation, draw payments, interest, attorneys' fees, or costs.

70. CloudBees denies that all conditions precedent to Plaintiff's claims have been performed or have occurred. Specifically, CloudBees denies that, as to any compensation Plaintiff claims beyond the compensation CloudBees paid him, (a) the conditions of Section 5 of the CloudBees FY24 Sales Incentive Compensation Policy were satisfied, namely that CloudBees had shipped the licensed software keys, a legally binding agreement existed, CloudBees had invoiced the customer, and the customer had paid all associated invoices in full; and (b) the conditions of Section 9 of the Policy were satisfied, namely Plaintiff's compliance with applicable laws, Company policies, and his Compensation Package, and his execution of the Company's then-current Compliance Certification. CloudBees paid Plaintiff all compensation he earned during his employment.

71. CloudBees admits that Plaintiff's counsel sent CloudBees a settlement offer before Plaintiff filed this action. CloudBees lacks knowledge or information sufficient to form a belief as to Plaintiff's alleged reasons for retaining counsel and therefore denies those allegations. CloudBees denies the remaining allegations of paragraph 71.

72. CloudBees denies that Plaintiff is entitled to recover attorneys' fees from CloudBees, that the stated hourly rate is necessarily reasonable or recoverable, or that Plaintiff has established the statutory prerequisites for such recovery.

**Count II: [Omitted]**

**Count III: Fraudulent Inducement**

73. CloudBees incorporates its responses to paragraphs 1-55 as though fully set forth herein.

74. CloudBees denies the allegations of paragraph 74.

75. CloudBees denies the allegations of paragraph 75.

76. CloudBees denies the allegations of paragraph 76.

77. CloudBees denies the allegations of paragraph 77.

78. CloudBees admits that Graciela Arguelles participated in recruiting discussions with Plaintiff. CloudBees denies that she made any intentional or actionable misrepresentation or omission, promised compensation inconsistent with the applicable agreements, or fraudulently induced Plaintiff to accept employment or a particular compensation arrangement. CloudBees denies the remaining allegations, including the alleged content and characterization of the discussion.

**E. Conditions Precedent**

79. CloudBees admits that Plaintiff filed this action in the 68th Judicial District Court of Dallas County, Texas, and that CloudBees removed it to this Court. CloudBees denies that all conditions precedent to Plaintiff's claims have been performed or have occurred, for the reasons stated in its response to paragraph 70, and denies the remaining allegations of paragraph 79.

**F. Damages**

80. CloudBees denies the allegations of paragraph 80.

81. CloudBees denies the allegations of paragraph 81.

82. CloudBees admits that Plaintiff is represented by counsel. CloudBees lacks knowledge or information sufficient to form a belief as to the terms of Plaintiff's fee arrangement and therefore denies those allegations. CloudBees denies that Plaintiff is entitled to recover attorneys' fees from CloudBees or that the alleged hourly rate is necessarily reasonable or recoverable.

**G. Prayer for Relief and Jury Demand**

CloudBees denies that Plaintiff is entitled to any relief requested in the Complaint, including actual damages, mental-pain-and-suffering damages, costs, prejudgment or post-judgment interest, attorneys' fees, or equitable relief. CloudBees does not oppose trial by jury of issues properly triable to a jury.

## II. DEFENSES AND AFFIRMATIVE DEFENSES

Without assuming any burden of proof that otherwise rests with Plaintiff, CloudBees asserts the following defenses and affirmative defenses:

### First Defense: Payment and Contractual Credits

Plaintiff's claims are barred or reduced to the extent CloudBees paid the compensation due under the applicable agreements. Any calculation of additional compensation must account for payments already made and any credits or offsets expressly authorized by the governing compensation terms. Plaintiff may not recover the same compensation twice.

### Second Defense: Failure to Mitigate

To the extent Plaintiff seeks lost earnings or other damages that reasonably could have been avoided, his recovery is barred or reduced by his failure to exercise reasonable diligence to mitigate those damages, including by seeking and accepting reasonably comparable employment after his employment with CloudBees ended.

**Third Defense: No Double Recovery**

Plaintiff may not obtain duplicative recovery under his contract and fraudulent-inducement theories for the same alleged loss, including recovery of the same commissions, draw payments, or incentive compensation more than once.

**Fourth Defense: Conditions of the Compensation Policy**

Plaintiff's claims are barred to the extent the conditions of Sections 5 and 9 of the CloudBees FY24 Sales Incentive Compensation Policy were not satisfied. Under Section 5, a commission is earned only if and when CloudBees has shipped the licensed software keys, a legally binding agreement exists, CloudBees has invoiced the customer, and the customer has paid all associated invoices in full. Under Section 9, payment of incentive compensation after termination is conditioned on the participant's compliance with applicable laws, Company policies, and his Compensation Package, and on his execution of the Company's then-current Compliance Certification.

**Fifth Defense: Draw Provision of the Offer Letter**

Plaintiff's Offer Letter provided that, if the total commissions Plaintiff actually earned during the Draw Period exceeded the total Non-Recoverable Draw previously paid, CloudBees would pay Plaintiff the difference. Commissions earned during the Draw Period are payable only to the extent they exceed the draw payments already made, and Plaintiff may not recover both the draw and the full commissions for the same period.

**Sixth Defense: Reserved Discretion Over Quota Credit and Windfall Sales**

The FY24 Sales Incentive Compensation Plan reserves to CloudBees the right to adjust quota credit based on the type of booking, and Section 7 of the Policy commits the treatment of Windfall Sales to the discretion of the compensation committee. Plaintiff's claims are barred to the extent they challenge determinations made under those reserved rights.

**Seventh Defense: Integration and Non-Reliance**

The Offer Letter states that its terms supersede any prior discussions, oral or written, and Section 11(c)(iii) of the Policy contains an integration clause. In accepting the Offer Letter, Plaintiff represented and warranted that his acceptance "is not based on any terms or conditions that are not expressly stated or referred to herein." Plaintiff's claims, including his fraudulent-inducement claim, are barred to the extent they rest on oral statements or representations not contained in, or contradicted by, those written agreements, because Plaintiff could not justifiably rely on them.

**Eighth Defense: No Mental-Anguish Damages**

Plaintiff cannot recover damages for mental anguish or mental pain and suffering on a claim for breach of contract.

**Ninth Defense: Attorney's Fees**

Plaintiff cannot recover attorney's fees unless he satisfies the requirements of Section 38.002 of the Texas Civil Practice and Remedies Code, including presentment of his claim to CloudBees.

**III. JURY DEMAND**

CloudBees demands trial by jury on all issues so triable.

## IV. PRAYER

WHEREFORE, Defendant CloudBees, Inc. requests that:

1. Plaintiff take nothing by his claims;
2. Judgment be entered in CloudBees' favor;
3. CloudBees recover its costs and any other amounts recoverable under applicable law; and
4. CloudBees receive all other relief to which the Court deems just and proper.

Dated: October 20, 2026

Respectfully submitted,

WELMAKER LAW, PLLC

*/s/ Douglas B. Welmaker*

**Douglas B. Welmaker**
State Bar No. 00788641
Welmaker Law, PLLC
505 E. Magrill St.
Longview, Texas 75601
Phone: (512) 799-2048
Email: doug@welmakerlaw.com

ATTORNEY FOR DEFENDANT
CLOUDBEES INC.

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing Answer to Plaintiff's Third Amended Complaint has been electronically served on all counsel of record below via Notice of Electronic Filing on a known Filing User through the CM/ECF system on October 20, 2026, and as set forth below.

Bruce C. Kaye
Heritage One
4835 LBJ Expressway, Suite 470
Dallas, Texas 75201
Bruce@brucekaye.com

/s/ *Douglas B. Welmaker*
**DOUGLAS B. WELMAKER**