**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **NICHOLAS SCHAFER,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Case No. 3:25-cv-03566-X** |
| | § | |
| **CLOUDBEES, INC.** | § | |
| | § | |
| **Defendant.** | § | |

**DEFENDANT CLOUDBEES, INC.'S MOTION FOR LEAVE TO FILE ANSWER OUT OF TIME AND BRIEF IN SUPPORT**

Defendant CloudBees, Inc. ("CloudBees") moves under Federal Rule of Civil Procedure 6(b)(1)(B) for leave to file its Answer to Plaintiff's Third Amended Complaint (Dkt. 27) out of time, and asks the Court to accept the Answer as filed on October 20, 2026. In support, CloudBees states the following.

**USE OF GENERATIVE ARTIFICIAL INTELLIGENCE**

Counsel for CloudBees used generative artificial intelligence in preparing this motion.

**BACKGROUND**

On October 6, 2026, the Court granted in part and denied in part CloudBees's motion to dismiss and allowed Plaintiff Nicholas Schafer to amend his fraudulent inducement claim. Dkt. 23 at 8-9. The Order provided that if Schafer amended, CloudBees "SHALL file an amended answer or a motion to dismiss by no later than 5:00 pm on October 20, 2026." *Id.* at 8. Schafer filed his Third Amended Complaint on October 13, 2026. Dkt. 25.

CloudBees filed its Answer on the evening of October 20, 2026, at 8:44 p.m., three hours and forty-four minutes after the deadline. Dkt. 27. The late filing was counsel's mistake, not CloudBees's. Counsel did not file the Answer by the time the Order set, and counsel apologizes

to the Court for missing the deadline. Schafer received the Answer through the Court's CM/ECF system the same evening.

**ARGUMENT**

When a party moves after a deadline has passed, the Court may extend the time for good cause "if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). Excusable neglect reaches late filings "caused by inadvertence, mistake, or carelessness," not only those caused by circumstances beyond the party's control. *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 388, 391 (1993) (construing Bankruptcy Rule 9006(b)(1), which "was patterned after Rule 6(b)"). The determination "is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission," including "the danger of prejudice to the [nonmovant], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Id.* at 395. The Fifth Circuit has described the excusable neglect standard as "quite elastic in its application." *Salts v. Epps*, 676 F.3d 468, 474-75 (5th Cir. 2012) (affirming leave for objections filed four days late) (quoting Wright & Miller, Federal Practice and Procedure § 1165).

Each factor favors leave here. First, Schafer suffers no prejudice, and does not oppose this Motion. He received the Answer through CM/ECF the night it was filed, and the delay shortened none of his deadlines. The Order's later dates applied only if CloudBees moved to dismiss, and CloudBees filed no motion to dismiss. No scheduling order has issued.

Second, the delay lasted a matter of hours. CloudBees filed the Answer on the day it was due, and the late filing has had no effect on any proceeding in this case.

Third, the delay resulted from counsel's mistake. CloudBees does not describe it as anything else. The Supreme Court in *Pioneer* recognized that a mistake by counsel can be excusable neglect. 507 U.S. at 388, 396-97.

Fourth, CloudBees acted in good faith. It answered every count of the Third Amended Complaint the same evening the Answer was due and brings this motion the next day.

**CONCLUSION**

CloudBees asks the Court to grant this motion and accept its Answer to Plaintiff's Third Amended Complaint (Dkt. 27) as timely filed.

Respectfully Submitted,

WELMAKER LAW, PLLC
505 E. Magrill
Longview, Texas 75601
Tel: (512) 799-2048

By: *_/s/ Douglas B. Welmaker_*
Douglas B. Welmaker
Texas State Bar No. 00788641
doug@welmakerlaw.com
Attorney-in-Charge

**ATTORNEY FOR DEFENDANT**

**CERTIFICATE OF SERVICE**

On October 21, 2026, I served the foregoing document on all counsel of record via the Court's CM/ECF system and/or via email and certified U.S. Mail in accordance with the Federal Rules of Civil Procedure.

*_/s/ Douglas B. Welmaker_*
Douglas B. Welmaker

## CERTIFICATE OF CONFERENCE

On October 21, 2026, counsel for CloudBees conferred with Bruce C. Kaye, counsel for Plaintiff, about the relief this motion requests. Mr. Kaye stated that Plaintiff does not oppose the motion.

*/s/ Douglas B. Welmaker*
Douglas B. Welmaker