**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **NICHOLAS SCHAFER,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Case No. 3:25-cv-03566-X** |
| | § | |
| **CLOUDBEES, INC.** | § | |
| | § | |
| **Defendant.** | § | |

**JOINT PROPOSAL FOR CONTENTS OF SCHEDULING AND DISCOVERY ORDER**

Plaintiff Nicholas Schafer and Defendant CloudBees, Inc. ("CloudBees") submit this Joint Proposal for Contents of Scheduling and Discovery Order under the Court's Order Requiring Attorney Conference and Proposal for Contents of Scheduling and Discovery Order (Doc. 30). The parties propose the following deadlines:

| | |
|---|---|
| **Proposed date to complete discovery** | June 2, 2027 |
| **Proposed trial date, number of trial days, and whether a jury has been demanded** | December 13, 2027<br>3 days<br>Jury (both parties have demanded a jury) |
| **Proposed motion deadline** | June 23, 2027 (dispositive motions and motions to exclude expert testimony) |
| **Proposed deadline to file motions for leave to join other parties** | January 8, 2027 |
| **Proposed deadline to file motions for leave to amend the pleadings** | January 8, 2027 |
| **Proposed deadline to designate expert witnesses (including rebuttal experts)** | Party with the burden of proof: April 5, 2027<br>Rebuttal experts: May 5, 2027 |
| **Proposed deadline to commence settlement negotiations** | Settlement negotiations began at the attorney conference that Section I of the Court's Order (Doc. 30) requires. |

**1. Status report explaining progress made at the meeting and present status of settlement negotiations.**

Lead counsel for each party held the attorney conference on November 6, 2026, and discussed in good faith whether the case can be settled before the parties incur further expense. The case did not settle at the conference. Plaintiff's counsel agreed to provide a breakdown of the commissions Plaintiff claims, and CloudBees has since made a settlement offer. The parties are continuing settlement negotiations.

**2. Advisability of referring the case for mediation.**

The parties believe that mediation will be most productive after CloudBees produces the documents concerning the three transactions at issue and after Plaintiff's deposition. The parties propose to complete mediation with a private mediator by June 16, 2027.

**3. Do the parties consent to trial (jury or non-jury) before a United States Magistrate Judge?**

No.

**4. Proposed plan and schedule for discovery.**

The parties will exchange initial disclosures within 14 days after the attorney conference, as Rule 26(a)(1)(C) provides. Discovery will address Plaintiff's employment and compensation; the July 25, 2023 Offer Letter and the FY24 Sales Incentive Compensation Policy and Plan; the three transactions at issue, which are two Dell transactions and a 7-Eleven transaction; how CloudBees credited those transactions; the July 2023 recruiting communications; and Plaintiff's alleged damages. The parties expect to serve written discovery, to produce documents and electronically stored information, including email and Salesforce records, and to depose Plaintiff, the CloudBees employees with knowledge of the transactions, and any designated experts. The parties will submit an agreed protective order to govern confidential compensation, customer,

and personnel information. The parties will produce electronically stored information in a reasonably usable form, as Rule 34(b)(2)(E) provides, unless they agree otherwise. The parties propose to complete all discovery by June 2, 2027.

**5. Proposed limitations on discovery, if any.**

The parties propose the limits that the Federal Rules of Civil Procedure set and do not request any other limits at this time.

**6. Other proposals regarding scheduling and discovery, including the parties' positions on a consolidated discovery schedule.**

The parties propose one consolidated period for fact and expert discovery that ends on June 2, 2027. The parties do not propose phased discovery.

**7. Are the parties considering mediation or arbitration to resolve this litigation, and if not, why not?**

Yes. The parties are considering mediation and propose to complete it by June 16, 2027.

**8. Other matters relevant to the status and disposition of this case.**

The Court's Memorandum Opinion and Order of October 6, 2026 (Doc. 23) dismissed Plaintiff's promissory estoppel claim with prejudice. Plaintiff's Third Amended Complaint (Doc. 25) asserts claims for breach of contract and fraudulent inducement, and CloudBees answered it on October 20, 2026 (Doc. 27), which the Court accepted on October 21, 2026 (Doc. 29). Both parties have demanded a jury. The parties know of no other matter that affects the schedule.

Respectfully Submitted,

WELMAKER LAW, PLLC
505 E. Magrill
Longview, Texas 75601
Tel: (512) 799-2048

By: *<u>/s/ Douglas B. Welmaker</u>*
Douglas B. Welmaker
Texas State Bar No. 00788641
doug@welmakerlaw.com
Attorney-in-Charge

**ATTORNEY FOR DEFENDANT**

BRUCE C. KAYE, PLLC
4835 LBJ Expressway, Suite 470
Dallas, Texas 75201
Tel: (214) 722-7438

By: *<u>/s/ Bruce C. Kaye</u>* (with permission)
Bruce C. Kaye
Texas State Bar No. 00784374
bruce@brucekaye.com

ATTORNEY FOR PLAINTIFF

## **<u>CERTIFICATE OF SERVICE</u>**

On November 20, 2026, I filed the foregoing document with the Clerk of Court using the CM/ECF system, which will send notice of the filing to all counsel of record.

*<u>/s/ Douglas B. Welmaker</u>*
Douglas B. Welmaker